LOUIS P. SANTI AND OPAL B. SANTI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Santi v. Commissioner
Docket No. 8851-88
United States Tax Court
T.C. Memo 1990-137; 1990 Tax Ct. Memo LEXIS 137; 59 T.C.M. (CCH) 110; T.C.M. (RIA) 90137; March 14, 1990
*137 Held: A valid election under section 172(b)(3)(C) to forgo the carryback of a net operating loss was made. Roy Keathley and David T. Popwell, for the petitioners. Vallie C. Brooks, for the respondent. WHITAKER
*247 MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined a deficiency in the income tax liability of petitioners for the years and in the amounts as follows: Taxable Year Ended
Deficiency
December 31, 1974
$  14,197.00
December 31, 1975
2,554.00
December 31, 1976
20,307.00
December 31, 1977
752,121.13
December 31, 1978
25,112.25
*138 After concessions the only issue before the Court is whether petitioners are entitled to carry back the 1978 taxable loss in the agreed upon amount to the years 1975, 1976, and 1977. In the statutory notice, respondent determined that petitioners were not entitled to a net operating loss carryback because of an election to relinquish the carryback made on petitioners' 1978 Federal income tax return. FINDINGS OF FACT Some of the facts have been stipulated and they are so found. When the petition was filed, petitioners resided in Highland Beach, Florida. For each of the taxable years 1974 through 1978, petitioners filed joint Federal income tax returns. The returns for each of those years were prepared by Rhea & Ivy, certified public accountants. On page 2 of petitioners' 1978 Federal income tax return the following sentence was typed in the bottom margin below the signature of the tax return preparer: "Taxpayer elects to carry net operating loss over under IRC 172(b)(2)(c)." The return carries the date 9-9-79 next to the signature of Mr. Santi and the first page carries an Internal Revenue Service "received" date stamp of September 12, 1979. There *139 is also attached to the return in between Form 4625 (Computation of Minimum Tax -- Individuals) and Form 4952 (Investment Interest Expense Deduction) a handwritten schedule which contains at the top petitioners' names, Mr. Santi's social security number, and the date "12-31-78." Below the date there is the following descriptive legend: "Computation of 1978 N.O.L. and limitation of items of Tax Preference Items under Sec 58(h)." This schedule shows the computation of the "adjusted net operating loss" in the amount of $ 450,155 and then a description of "Items of Tax Preference under Tax Benefit Rule of IRC Sec 58(h)." The third such item reads in pertinent part as follows: C. Other items which would not be an item of tax preference under Sec 58(h) except that NOL will be carried over to future years. The items are included in the NOL. Consistent with petitioners' stated intent on this 1978 return, the 1979 and 1980 income tax returns took into account and fully absorbed the $ 450,155 net operating loss shown on the 1978 return. The issue which we must decide is whether or not the language on the return and in the schedule constitute an election *140 to forgo the carryback of the net operating loss. The case was submitted fully stipulated. OPINION Section 172(b)(3)(C)[1] provides, insofar as pertinent, that Any taxpayer entitled to a carryback period under paragraph (1) may elect to relinquish the entire carryback period with respect to a net operating loss for any taxable year ending after December 31, 1975. Such election shall be made in such manner as may be prescribed by the Secretary, and shall be made by the due date (including extensions of time) for filing the taxpayer's return for the taxable year of the net operating loss for which the election is to be in effect. Such election, once made for any taxable year, shall be irrevocable for that taxable year. The applicable regulations appear in section 7.0(d) of the Temporary Income Tax Regulations issued under the Tax Reform *141 Act of 1976 pertaining to elections. In pertinent part, this Temporary Regulation reads as follows: (d) Manner of making election. Unless otherwise provided in the return or in a form accompanying a return for the taxable year, the elections described in paragraphs (a) and (c) (except paragraphs (c)(1)(i), (c)(4) and (c)(5)) shall be made by a statement attached to the return (or amended return) for the taxable year. The statement required when making an election pursuant to this section shall indicate the section under which the election is being made and shall set forth information to identify the election, the period for which it applies, and the taxpayer's *248 basis or entitlement for making the election. [42 Fed. Reg. 1469 (Jan. 7, 1977.] Petitioners' argument is simply that the 1978 income tax return language pertaining to the 1978 net operating loss did not comply literally or substantially with the temporary regulations. We are convinced, and petitioners do not contend to the contrary, that the tax return preparer in preparing the return and petitioners when they *142 signed it intended to relinquish the right to carry the loss back to prior years. On brief both parties discuss the case of Powers v. Commissioner, T.C. Memo. 1986-494, respondent relying on that case and petitioner seeking to distinguish it. The return of the taxpayer in Powers included on a separate sheet under the heading "ELECTION STATEMENTS" insofar as pertinent the following: (1.) Pursuant to Section 56(b)(3)(C), Taxpayer elects to carryforward to 1979 the net operating loss of 1978. We noted in our opinion that the only deficiency in the election statement attached to the return was the reference to section 56(b)(3)(C) instead of section 172(b)(3)(C). In fact there was no subsection (C) in section 56(b)(3). We concluded that the reference to the incorrect Code section number was immaterial since the tax return manifested an election to waive the carryback and the taxpayer in that case was bound by it. Petitioners are correct in noting that the election statement in Powers more closely complies with the temporary regulations than the election statement in this case. However, we believe that petitioners' 1978 Federal income tax return, *143 taken as a whole, reflects a clear election to relinquish the carryback of the 1978 net operating loss. The regulations direct that the section 172(b)(3)(C) election be made by a statement attached to the return, which statement shall indicate a section under which the election is being made and shall set forth information sufficient to identify the election, the period to which it applies, and the taxpayer's basis or entitlement for making the election. In our case there is a statement attached to the return although it recites merely that the net operating loss will be carried forward to future years without specifying the year or years. The language typed at the bottom of page 2 of the return refers to section 172(b)(2)(C) rather than section 172(b)(3)(C) which is the correct Code section but that statement was certainly sufficient to alert the Internal Revenue Service to petitioners' intention to carry the net operating loss forward rather than backward and to direct an auditing agent to the section which authorizes the election. We note in this case that there is no subsection (C) in 172(b)(2). This error is certainly less significant than the error in Powers since in *144 Powers the wrong Code section was referred to whereas here petitioners at least correctly referenced section 172(b). Taking the tax return as a whole, the language on the bottom of page 2 together with the language on the handwritten schedule sufficiently complies with the requirement that there be a separate statement and an indication of the Code section under which the election is being made, i.e., Code section 172(b). We are uncertain as to the intent of the language in the temporary regulation requiring the statement to indicate "the period for which it applies." If that refers to the year or years to which the loss will be carried forward, we deem the reference to "future years" to be sufficient. Until the future years' returns are prepared, or at least information is available from which they could be prepared, one cannot accurately determine the carryforward years. In this case, the 1978 return was filed during 1979 but the loss was also used for the 1980 return. The final requirement that the statement indicate the taxpayer's basis or entitlement for the election was sufficiently identified in that the tax return referred to section 172(b). The only provision in *145 section 172(b) which refers to elections appears in subsection (3), which refers to three elections. Two of those elections apply to foreign expropriation losses. Thus the only election which could have been intended by petitioners on their 1978 tax return was that described in section 172(b)(3)(C). No agent auditing this 1978 income tax return could possibly have been mislead as to petitioners' intention. The "essence" of this statute is that "a taxpayer unequivocally communicates his election." Young v. Commissioner, 783 F.2d 1201, 1206 (5th Cir. 1986), affg. 83 T.C. 831 (1984). That was done in this case. Looking at the 1978 tax return as a whole, we think there is substantial compliance with the requirements of the temporary regulations. Thus, the election was a valid one and binding on petitioners. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩