T.C. Memo. 1999-378


UNITED STATES TAX COURT


JOHN M. HARDING AND MARY J. HARDING, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3527-98.                    Filed November 16, 1999.


John Harding and Mary Harding, pro sese.

<u>Kelly A. Blaine</u>, for respondent.


MEMORANDUM OPINION

GERBER, <u>Judge</u>:  Respondent determined a $11,231 income tax deficiency for petitioners' 1991 tax year.  The case was

submitted fully stipulated under Rule 122.[1]  On their 1994 income tax return, petitioners attempted to waive the carryback of their claimed net operating loss (NOL).  Petitioners now claim their attempt was without effect.  The question we consider is whether petitioners properly elected to waive the carryback of an NOL under section 172(b)(3) and whether that election is binding.

Background--Petitioners resided in Yorba Linda, California, at the time their petition was filed in this case.  Petitioners filed a timely 1991 joint Federal income tax return reflecting a $11,231 income tax liability.  Petitioners filed a timely 1994 joint Federal income tax return containing the following statement:

> The above named taxpayer incurred a net operating loss in the taxable year ending December 31, 1994 and is entitled to a three-year carryback period with respect to that loss under Code Section 172(B)(1) of the Internal Revenue Code.

> Pursuant to Code Section 172(B)(3), the taxpayer hereby elects to relinquish the entire carryback period with respect to the net operating loss incurred in the taxable year ending December 31, 1994.

Prior to filing their 1994 return, petitioners had claimed a NOL for their 1993 taxable year that had been carried back to their 1991 tax year and caused the elimination of their 1991 income tax liability.  After petitioners had filed their 1994

---

[1]  All Rule references are to this Court's Rules of Practice and Procedure and all section references are to the Internal Revenue Code, in effect for the taxable year in question.

return, respondent examined petitioners' 1993 return and disallowed the 1993 NOL, resulting in an income tax deficiency for 1991 in the amount of the original $11,231 liability.

Discussion--Petitioners now claim that the election made on their 1994 return not to carry their 1994 NOL back 3 years was ambiguous and/or invalid. Section 172(a) permits the carryover and carryback of NOL deductions. Section 172(b)(1)(A)(i)[2] permitted the carryback of an NOL deduction to the preceding 3 taxable years. Taxpayers were also permitted to elect to waive or relinquish the carryback deduction and only carry forward their NOLs. See sec. 172(b)(3). The Secretary promulgated the following regulation concerning taxpayers' elections to waive NOL carrybacks:

> [The election] shall be made by a statement attached to the return (or amended return) for the taxable year. The statement required when making an election pursuant to this section shall indicate the section under which the election is being made and shall set forth information to identify the election, the period for which it applies, and the taxpayer's basis or entitlement for making the election.

Sec. 301.9100-12T(d), Temporary Proced. & Admin. Regs., 42 Fed. Reg. 1470 (Jan. 7, 1977).

Petitioners' statement on their 1994 return contains no ambiguity about their intent to "relinquish the entire carryback

---

[2]    For purposes of this case involving a 1994 net operating loss and a 1991 taxable year, we consider sec. 172(b)(1)(A)(i) prior to its being amended by the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1082(a)(1) and (2), 111 Stat. 950.

period with respect to the net operating loss incurred in the taxable year ending December 31, 1994." The only questionable aspect about petitioners' statement is that they referred to section 172(B)(3) instead of section 172(b)(3). The use of the upper case "B", however, does not create confusion as to their intentions or as to other possible alternatives that may have been available under section 172. In all other respects, the statement made by petitioners, as part of their 1994 return, meets the statutory and regulatory requirements.

Several cases have considered the effectiveness of taxpayers' elections to waive NOL carrybacks. It has been held that the essence of section 172(b)(3)(C) is that a "taxpayer unequivocally communicates his election and binds himself to his decision concerning the best use of his net operating loss." Young v. Commissioner, 783 F.2d 1201, 1206 (5th Cir. 1986). Elections made in compliance with the regulatory procedures or requirements have been held to be binding. In Santi v. Commissioner, T.C. Memo. 1990-137, it was held that the following statement was sufficient to waive the carryback and permit the carryover of the taxpayer's NOL deduction: "Taxpayer elects to carry net operating loss over under I.R.C. 172(b)(2)(C)." In that case, even though the taxpayer's statement identified the wrong portion of section 172, the Court interpreted the statement in the context of the entire return and held that the waiver was

valid. Likewise, in <u>Carlstedt Associates, Inc., v. Commissioner</u>, T.C. Memo. 1989-27, the following statement was found to be unequivocal and a binding election: "IN ACCORDANCE WITH CODE SECTION 172(b) TAXPAYER HEREBY ELECTS TO RELINQUISH THE ENTIRE CARRYBACK PERIOD WITH RESPECT TO THE CURRENT NET OPERATING LOSS." In <u>Powers v. Commissioner</u>, 43 F.3d 172 (5th Cir. 1995), affg. in part, revg. in part and remanding 100 T.C. 457 (1993), however, the Court of Appeals for the Fifth Circuit held that referencing a Code section other than section 172 served to make a taxpayer's election ineffective. In <u>Powers</u>, the taxpayer referenced section 56(b)(3)(C), and no reference was made to section 172. The Court of Appeals for the Fifth Circuit observed in <u>Powers</u> that <u>Santi v. Commissioner</u>, <u>supra</u>, was distinguishable because the taxpayer there referred to section 172. See <u>Powers v. Commissioner</u>, <u>supra</u> at 178 n.7. By the same token, petitioners' case may be distinguished from <u>Powers</u>.

In a case involving a section 172(b)(3)(C) election and the taxpayers' attempt to split "regular NOLs" and "alternative minimum tax NOLs", we held that the taxpayers' election was unambiguous on its face and binding, even though the taxpayers may have intended to make the election for only one type of NOL. <u>Miller v. Commissioner</u>, 104 T.C. 330 (1995), revd. 99 F.3d 1042 (11th Cir. 1996). The Court of Appeals for the Eleventh Circuit reversed, holding that the taxpayers were attempting an election

to split the NOLs because they used the word "loss" instead of "losses" which was inconsistent with the election of both types of NOL. In reaching its holding, the Court of Appeals looked to extrinsic evidence outside of the taxpayers' statement on their return. The Court of Appeals considered subsequent amended returns, expert testimony on the meaning of the term "net operating loss", and the intent of the taxpayers' return preparer. Miller v. Commissioner, 99 F.3d 1042 (11th Cir. 1996), revg. 104 T.C. 330 (1995).

With that backdrop, we hold that petitioners' 1994 election was valid and binding, and that it precludes their current attempt to carry back the 1994 NOL deduction to 1991. There is no ambiguity as to petitioners' intentions or extrinsic evidence showing that petitioners intended not to waive the carryback of their 1994 NOL. To the contrary, at the time of filing their 1994 return, petitioners had applied their 1993 NOL to eliminate their 1991 tax liability. We recognize petitioners' dilemma caused by the post-1994 disallowance of their 1993 NOL deduction, which in turn led to respondent's determination of a 1991 income tax deficiency. However, the statute recites that such an election, once made, is irrevocable. See sec. 172(b)(3).

To reflect the foregoing,

Decision will be entered

for respondent.