M. LANE POWERS, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Powers v. Commissioner
Docket Nos. 7766-81, 719-82
United States Tax Court
T.C. Memo 1993-125; 1993 Tax Ct. Memo LEXIS 123; 65 T.C.M. (CCH) 2214; March 30, 1993, Filed *123 An order reaffirming T.C. Memo 1986-494 will be issued. For petitioner: Robert I. White and Lawrence W. Sherlock. For respondent: William G. Bissell. CLAPP
CLAPP
SUPPLEMENTAL MEMORANDUM OPINION CLAPP, Judge: These cases are before us on petitioner's motion for reconsideration of our Memorandum Opinion filed in the above cases on September 29, 1986, T.C. Memo. 1986-494. Petitioner's motion was filed out of time on June 1, 1992, by leave of Court. Petitioner contends that we should vacate our Memorandum Opinion granting respondent's motion for partial summary judgment and denying petitioner's cross-motion for partial summary judgment on the grounds that petitioner had made valid elections under section 172(b)(3)(C) [1] to carry forward his 1978 and 1979 net operating losses. Petitioner bases his contention on this Court's Opinion in Plumb v. Commissioner, 97 T.C. 632 (1991). We find that the facts in Plumb are distinguishable from the facts before us, and for the reasons stated previously in T.C. Memo. 1986-494, we hold that petitioner made valid elections under *124 section 172(b)(3)(C) to carry forward his 1978 and 1979 net operating losses. Therefore, we deny petitioner's motion for reconsideration. The facts of these cases were set forth in detail in T.C. Memo. 1986-494, and we incorporate those facts herein by this reference. We repeat here a brief summary of facts necessary to decide the motion before us. In his second amended petitions filed for the years at issue, petitioner asserted that he was not liable for the determined deficiencies because he had net operating losses in 1978 and 1979 which could be carried back to the years in issue, resulting in overpayments for those years. The parties filed cross-motions for partial summary judgment regarding petitioner's claim to a net operating loss carryback. Attached to petitioner's 1978 tax return *125 was a schedule titled "Election Statements" containing the following statement: "Pursuant to Section 56(b)(3)(C), Taxpayer elects to carry forward to 1979 the net operating loss of 1978." A similar statement was attached to petitioner's 1979 tax return. Respondent claimed that those statements were valid, binding elections to waive the net operating loss carrybacks, and therefore, petitioner was required to carry the losses forward. Petitioner argued that he did not intend to make elections relinquishing the net operating loss carrybacks, that the statements on the schedules attached to the returns did not meet the requirements of valid elections, and that even if he intended to and did make valid elections, he did so relying on a mistake of fact that vitiates such elections. We agreed with respondent. We found that the statements attached to the returns contained substantially all of the elements necessary to constitute valid elections. We also determined that because the objective evidence clearly demonstrated that petitioner made the elections, the evidence of petitioner's intent in signing the statements was irrelevant. Finally, we concluded that the elections had not been *126 based upon a mistake of fact but were based on misapplication of tax law. As a result, we granted respondent's motion for partial summary judgment and denied petitioner's cross-motion for partial summary judgment. Powers v. Commissioner, T.C. Memo. 1986-494. On December 12, 1991, we filed our Opinion in Plumb v. Commissioner, 97 T.C. 632 (1991). In that case, we held that statements attached to the taxpayers' returns were not valid elections under section 172(b)(3)(C) and the taxpayers were required to carry back their net operating losses for the years at issue. Id. at 641. The statements notified respondent that "Taxpayers elect to forego [sic] the carryback period for the regular NOL in accordance with section 172(b)(3)(C) and will carry forward this NOL." Id. at 633. Thus, the taxpayers attempted to make split elections, carrying forward their regular net operating losses and carrying back their alternative minimum tax net operating losses. However, we determined that section 172(b)(3)(C) only provides for one election, and a split election is *127 not permitted under that section. Id. at 638. We then concluded that the statements, on their face, clearly indicated that the taxpayers were attempting to make elections that were unavailable to them. Therefore, the elections were invalid, and the taxpayers were required to carry back both their regular and alternative minimum tax net operating losses. Id. at 641. Petitioner contends that the cases before us are "on all fours" with Plumb. He argues that, as in Plumb, "The form of the election on Petitioner's returns for 1978 and 1979 is a statement that shows an invalid election, i.e., carrying forward Petitioner's net operating losses only to defer his minimum tax liability under section 56." Consequently, petitioner asks us to reconsider and vacate our September 29, 1986, Memorandum Opinion in these cases. We do not agree with petitioner's contention that the instant cases are "on all fours" with Plumb. In Plumb, the terms of the attempted elections clearly indicated that the taxpayers thought they could make the elections for the regular net operating losses only and that they intended to *128 make such split elections. In the cases before us, there is no such clear indication. See Branum v. Commissioner, T.C. Memo. 1993-8 (petitioner's argument that he made a split, and therefore invalid, election to relinquish the carryback was rejected because the election by its terms was for "all" net operating losses for 1985, not just the regular net operating loss). As we noted in our original Opinion, the statements attached to petitioner's returns meet all of the requirements for making the elections to waive carrybacks of net operating losses except the requirement to cite the appropriate section under which the elections are made. Moreover, we concluded that the failure to cite the correct section was not fatal to the elections because the objective evidence demonstrated that petitioner was referring to the correct section; he merely miscited a nonexistent section when drafting the statements. Powers v. Commissioner, supra.
In addition, petitioner's treatment of the net operating losses elsewhere supports the conclusion that petitioner did not intend to make split elections. On his 1977 return, petitioner *129 reported taxable income of over $ 10,000; however, there is no evidence that petitioner ever amended that return to carry back his regular net operating losses, which he should have done if he intended his election only to apply to the alternative minimum tax net operating loss. Furthermore, as we noted in our original Opinion, the contention that the election was for the alternative minimum tax net operating loss only "is especially puzzling with respect to the 1979 return since no minimum tax computation was made nor was any Form 4625 attached to the return." Id. Petitioner argues that we should not take into account how the net operating losses are treated elsewhere because, under Plumb, "it is the form of the election itself and not the reporting of items elsewhere on the return that controls the interpretation of the election." However, in Plumb, we found it appropriate to take into account how the net operating losses were treated by the taxpayers. We noted that the taxpayers filed requests for refunds relating only to the carryback of their alternative minimum tax net operating losses and determined that such treatment further supported our conclusion the taxpayers *130 had attempted to make impermissible elections. Plumb v. Commissioner, supra at 641. In the cases before us, the opposite is true, and the evidence clearly indicates that petitioner made valid elections. We hold that our decision in Plumb does not compel a different result in the cases before us. Therefore, after reconsideration, we reaffirm our Memorandum Opinion, T.C. Memo. 1986-494. An order reaffirmingT.C. Memo. 1986-494 will be issued. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩