United States Court of Appeals,

Eleventh Circuit.

Nos. 94-2340, 94-2776.

Dan P. BUTTS and Cynthia D. Butts, Petitioners-Appellees,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.

A. Wayne SMITHWICK and Roseanne M. Smithwick, Petitioners-Appellees,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.

April 10, 1995.

Appeals from the Decision of the United States Tax Court. (Nos. 18289-92, 1458-92).

Before DUBINA, Circuit Judge, RONEY and ESCHBACH[*], Senior Circuit Judges.

PER CURIAM:

These two appeals by the Commissioner of Internal Revenue, consolidated for oral argument, involve the appropriate tax treatment to be given to the arrangement of the taxpayers as agents selling life, automobile, fire, and other types of insurance for Allstate Insurance Company. The Commissioner of Internal Revenue contends they should be treated as employees. The taxpayers successfully contended in the United States Tax Court that they are independent contractors. We affirm.

These cases were heard and appealed separately from the decisions of different Tax Court judges, but the controlling facts are the same. When taxpayers first started selling Allstate

_____

[*]Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge of the Seventh Circuit, sitting by designation.

insurance, they were concededly employees working under an Allstate Agent Compensation Agreement. Subsequently, they entered into a "Neighborhood Office Agent Amendment to Allstate Compensation Agreement."

The case of Dan P. and Cynthia Butts was first decided by Tax Court Judge Marvin P. Peterson on October 21, 1993. The sole issue presented was whether petitioner Dan P. Butts performed services for Allstate as an employee or as an independent contractor. Based upon a hearing and some stipulated facts in a thoroughly reasoned opinion, Judge Peterson held that petitioners had met their burden of proving that Mr. Butts' professional relationship with Allstate was not as an employee, rather that he was associated with Allstate as an independent contractor. Thus, the taxpayers' business deductions were to be reported under Schedule C of the tax return and not as Schedule A unreimbursed employee business expenses. *Butts v. Commissioner of Internal Revenue,* T.C.Memo 1993-478, 66 T.C.M. (CCH) 1041, 1993 WL 410704 (U.S.Tax Ct.1993).

Subsequently, on December 9, 1993, Tax Court Judge Charles E. Clapp, II, decided that the A. Wayne and Roseanne M. Smithwick case, involving the identical Allstate agreements involved in the *Butts* case, had no relevant facts that are distinguishable from the *Butts* case. Accordingly, Judge Clapp decided the case for the petitioners on the basis of the reasoning in *Butts*. *Smithwick v. Commissioner of Internal Revenue,* T.C.Memo 1993-582, 66 T.C.M. (CCH) 1545, 1993 WL 503911 (U.S.Tax Ct.1993).

Prior to oral argument, this Court was advised of yet another case involving the identical Allstate agreements in which the Tax

Court, relying on the decision in *Butts,* reached the same conclusion. *Mosteirin v. Commissioner of Internal Revenue,* No. 3996-94 (U.S.Tax Ct., Jan. 13, 1995). We were informed at oral argument that there are currently pending eleven other cases concerning the same issue.

We affirm based upon the findings and reasoning of the Tax Court's decision in *Butts.* Prompt resolution of the issue by this Court is critical. Since the Tax Court's detailed opinion is readily available to the tax bench and bar and no additional arguments were made to this Court that were not properly treated in Judge Peterson's opinion, there is no need to prepare a detailed opinion of this Court nor to attach the Tax Court decision for reference. This opinion is sufficient to establish the law of this Circuit for precedential purposes.

**AFFIRMED.**