**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 94-40005
No. 94-40006
No. 94-40007
(Consolidated cases)

_____

M. LANE POWERS,

                                        Petitioner-Appellant,

                        versus

COMMISSIONER OF INTERNAL REVENUE,

                                        Respondent-Appellee.

_____

Appeal from the Decisions
of the United States Tax Court

_____

(April 13, 1995)

Before GARWOOD, JOLLY and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

In our opinion in this case, reported at <u>Powers v. Commissioner</u>, 43 F.3d 172 (5th Cir. 1995), we concluded that taxpayer M. Lane Powers, as a prevailing party, was entitled to the litigation costs that related to his success on appeal.[1] Of the issues in dispute in the consolidated appeal, we determined that Powers had prevailed on the NOL carryback issue, on three out of the four time periods at issue for which the tax court had not awarded fees, but that he had lost on the hourly fee issue. We found that his losses were not of such magnitude so as to deprive

_____

[1] 26 U.S.C. § 7430 authorizes such an award to a prevailing party in tax litigation against the Internal Revenue Service.

him of prevailing party status under § 7430. Thus, we invited Powers to submit an application for attorneys' fees and costs, providing us with information on costs expended on his appeal.

The government argues in its opposition to the fee application that Powers should not be entitled to anything for his fees on appeal relating to the net operating loss carryback issue because its position was not unreasonable on this issue. The "reasonableness" or "substantial justification" of the government's position in defending this appeal is an appropriate inquiry under § 7430. The mere fact that a taxpayer prevails on appeal does not automatically entitle him to attorney's fees.

The government argues that it was not acting unreasonably in challenging Powers on the carryback issue, and that the Tax Court's finding in its favor on the carryback issue supports its position. In Huckaby v. Commissioner, 804 F.2d 297 (5th Cir. 1986), we observed that a victory in the lower court does not automatically mean the IRS acted reasonably. The government's position can be unreasonable if its arguments "rang hollow or were specious or defied its own regulations." (emphasis added) Huckaby at 299. In our opinion in the case at bar, we found that the Treasury Regulations require that the correct section of the Internal Revenue Code be cited in an election to carry forward a net operating loss and to waive the right to carryback. Nonetheless, the government maintained that a proper election had been made even though the wrong code section was cited in the taxpayer's purported election. Under Huckaby, we conclude that the government's

2

position before the Tax Court and on appeal defied its own regulation and was thus unreasonable.[2]

In his application, Powers requests $20,076.35, or 80%, of a total expenditure of $25,095.44. He arrives at this figure by noting that he was entirely successful in cases 94-40005 and 94-40006 (tax years 1976 and 1977), which primarily involved the NOL carryback issue. He contends that these two cases represent two thirds of the appeal, because there were three consolidated cases on appeal, and that he should receive reimbursement for two-thirds of his fees and costs for his victory on the NOL carryback issue. Powers seeks an additional 12.5% of his fees for his partial success in case 94-40007, representing the 1978 and 1979 litigation. Rounding off these two amounts to 80% would give Powers the relief he seeks.

The Government strenuously objects to the amount Powers seeks. They argue that the carryback issue did not constitute two thirds of the appeal, and that we should not calculate fees in terms of the cases appealed from. Instead, we should look at the *issues* on which Powers prevailed. The government is correct under the case law and Section 7430. *See* e.g., <u>Heasley v. Commissioner</u>, 967 F.2d 116 (5th Cir. 1992), and <u>Huckaby v. U.S. Dept. of Treasury</u>, *supra*, 804 F.2d at 300. This view is also consistent with our opinion, in

---

[2] Although our opinion in this case did not expressly state that we found the government's position unreasonable, such a finding was both inherent and implicit in view of the fact that we concluded that Powers was entitled to litigation costs for his victories on appeal and invited him to submit an application for these costs.

3

which we analyzed the number of _issues_ on which Powers had prevailed in order to determine whether he was entitled to fees at all.

This case involved three primary issues: the carryback issue, the number of hours awarded, and the hourly rate. For purposes of our analysis, we have assigned each issue equal weight. Powers prevailed on the carryback issue, entitling him to one third of total expenditures for his victory on that issue. That issue represents one third of the total fees, or 1/3 of $25,095.44, which equals $8,365.15. Powers also won on three of the four time periods, entitling him to three fourths of the one third attributable to that issue. One third of $25,095.44 is $8,365.15. Three fourths of that one third is $6,273.86. Powers should be entitled to this amount on the issue of the number of hours. He lost on the hourly rate issue and therefore recovers nothing for that issue. Thus, Powers should be entitled to $8365.15 (full amount attributable to carryback issue) and $6273.86 (three fourths of the amount attributable to the number of hours issue), for a total of $14,639.01.

IT IS ORDERED that Powers is hereby awarded $14,639.01 for litigation costs on appeal.

GARWOOD, Circuit Judge, concurring in part and dissenting in part:

I join in all of the Court's per curiam except the portion thereof dealing with the net operating loss carryback issue. In my view, the resolution of this issue presented an extremely close question, and I am unable to conclude that the government's position in regard thereto, though it ultimately did not prevail, was either unreasonable or without substantial justification.