109 T.C. No. 10


UNITED STATES TAX COURT


ROBERT T. COZEAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19318-95.                    Filed October 15, 1997.


Prior to trial, R conceded the deficiencies determined for the years 1990 through 1992. P filed a timely claim for an award of litigation costs, including, among other things, attorney's fees billed at $250 per hour and one accountant's fees billed at $170 and $175 per hour and another's fees billed at $90 and $92 per hour. R concedes that P has satisfied all the requirements for entitlement to litigation costs and disputes only the amounts of the fees claimed by the attorney and the principal accountant. Specifically, R asserts that the limitation of sec. 7430(c)(1)(B)(iii), I.R.C., of $75 per hour (adjusted for inflation) for the years in issue, applies to all fees claimed.


<u>Held</u>: P failed to establish that a special factor existed which justifies an award of attorney's fees in excess of the $75 limitation (adjusted for inflation).

Held, further:  The fees claimed for services of the accountants, who are authorized to practice before the Internal Revenue Service, are to be treated as services of an attorney pursuant to sec. 7430(c)(3), I.R.C., and, accordingly, the limitation of sec. 7430(c)(1)(B)(iii), I.R.C., applies to such fees.

Edward D. Urquhart, for petitioner.

Janet R. Balboni, for respondent.

## OPINION

DAWSON, Judge:  The case was assigned to Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge that is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge:  This case is before the Court on petitioner's motion for an award of reasonable litigation costs[2] pursuant to section 7430.

Respondent concedes that petitioner has satisfied all of the requirements for entitlement to litigation costs.  Therefore, the only issue presented for decision is whether the amounts of

---

[1]  All section references are to the Internal Revenue Code as amended unless otherwise indicated.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  Petitioner does not request an award of reasonable administrative costs.  See sec. 7430(a)(1).

litigation costs claimed by petitioner are reasonable.  Sec. 7430(a)(2), (c)(1).

Neither party has requested a hearing, and we conclude that a hearing is not necessary.  Rule 232(a).  Accordingly, we decide petitioner's motion on the basis of the motion, respondent's notice of objection to petitioner's motion, petitioner's reply to respondent's notice of objection, and affidavits submitted by petitioner.

Respondent issued a notice of deficiency dated June 27, 1995, determining deficiencies in petitioner's Federal income tax and accuracy-related penalties as follows:

| Year | Deficiency | Accuracy-Related Penalties Sec. 6662(a) |
|------|-----------|------------------------------------------|
| 1990 | $468,857 | $93,771 |
| 1991 | 67,269 | 13,454 |
| 1992 | 36,250 | 7,250 |

The adjustments contained in the notice of deficiency relate to respondent's determination that petitioner failed to report as income distributions received from Development Southwest Investments, Inc., his solely owned S corporation; that petitioner failed to report cancellation of indebtedness income relating to the activities of Double J & T Ranch (J & T), a joint venture in which petitioner was a member; that petitioner was not entitled to claimed losses in connection with the activities of J & T, pursuant to the "at risk" rules of section 465; and that petitioner was not entitled to capital losses claimed in

connection with the disposition of his interest in J & T. Petitioner filed a timely petition on September 26, 1995. At the time the petition was filed, petitioner resided in Dallas, Texas.

The case was calendared for trial on November 12, 1996. Approximately 2 weeks before the date of trial, respondent conceded all of the determined deficiencies, and the case was settled. A stipulation of settlement was filed on December 30, 1996. On the same date, petitioner filed a motion for award of litigation costs.

Petitioner requests an award of total litigation costs in the amount of $24,060.71. The costs requested include attorney's fees in the amount of $16,365.21, attributable to 64 hours billed by Edward D. Urquhart between July 1995 and April 1997 at a rate of $250 per hour, as well as out-of-pocket expenses in the amount of $365.21. The out-of-pocket expenses are attributable to postage, delivery fees, photocopying, and computer research.[3]

The costs requested by petitioner also include charges billed by the accounting firm of Werlein & Harris in the total amount of $7,695.50, consisting of 30 hours billed by Victor E. Harris at rates of $170 and $175 per hour, and 28.5 hours billed by Pamela Zimmerman at rates of $90 and $92 per hour.[4] Mr.

---

[3] Respondent did not contest these out-of-pocket expenses, and we consider these amounts conceded.

[4] Mr. Harris billed 26.5 hours at $170 per hour and 3.5 hours at a rate of $175 per hour. Ms. Zimmerman billed 22 hours
(continued...)

Harris and Ms. Zimmerman provided professional services to petitioner including preparing the tax returns for the years in issue, assisting in representing petitioner during the examination of the returns by the Internal Revenue Service (IRS), assisting counsel in preparation of the petition, and representing petitioner before the IRS Appeals Office after the case was docketed. Mr. Harris, who is a C.P.A., has also represented many taxpayers before the IRS in the examination of income tax returns as well as before the Appeals Office. The accountant's fees are claimed for the period from July 1995 through December 1996.

Respondent objects to the motion for litigation costs on the ground that the claimed fees are excessive.

A taxpayer has the burden of proving that he or she meets each requirement before the Court may order an award of litigation costs under section 7430. Rule 232(e); Minahan v. Commissioner, 88 T.C. 492, 497 (1987).[5] Accordingly, since the

---

[4](...continued)
at $90 per hour 6.5 hours at a rate of $92 per hour.

[5] In 1996, legislation was enacted which shifted to the Commissioner the burden of proving whether the position of the United States was substantially justified, sec. 7430(c)(4)(B), as amended by the Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. 104-168, sec. 701, 110 Stat. 1452, 1463 (1996), and raised the hourly rate for attorney's fees to $110, sec. 7430(c)(1)(B)(iii), as amended by TBOR 2 sec. 702(a), 110 Stat. 1464. These changes apply only to proceedings commenced after July 30, 1996. TBOR 2 secs. 701(d), 702(b), 110 Stat. 1464; see National Industrial Investors, Inc. v. Commissioner, T.C. Memo. 1996-423. Since

(continued...)

parties agree that petitioner has otherwise satisfied the requirements for an award of litigation costs, petitioner must establish the amount of the reasonable litigation costs.

With respect to reasonable litigation costs, section 7430(c) provides:

> (1)  Reasonable litigation costs.--The term "reasonable litigation costs" includes--
>
>> (A) reasonable court costs, and
>>
>> (B) based upon prevailing market rates for the kind or quality of services furnished--
>
> *       *       *       *       *       *       *
>
>>> (ii) The reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and
>>>
>>> (iii) reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding, except that such fees shall not be in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for such proceeding, justifies a higher rate.
>
> *       *       *       *       *       *       *

---

[5](...continued)
petitioner filed the petition in Sept. 1995, the proceedings at issue were commenced before the effective date of TBOR 2, and the changes enacted by TBOR 2 are not applicable. Maggie Management Co. v. Commissioner, 108 T.C. 430, 441 (1997).

(3) Attorney's fees.--For purposes of paragraphs (1) and (2), fees for the services of an individual (whether or not an attorney) who is authorized to practice before the Tax Court or before the Internal Revenue Service shall be treated as fees for the services of an attorney.

Petitioner's motion for litigation costs, in support of his request for an award of attorney's fees with respect to Mr. Urquhart's services at a rate of $250 per hour, states as follows:

The hourly rate of $250.00 charged Petitioner by undersigned counsel is a reasonable rate for qualified attorneys in the Houston, Texas area to handle a matter such as this case. There is a limited availability of qualified attorneys to handle a case such as this so as to justify the $250 hourly rate over the $75.00 rate set forth in I.R.C. Section 7430(c)(1)(B)(iii). * * *

Petitioner submits the affidavit of Larry A. Campagna, an attorney specializing in tax law, in an attempt to establish that the hourly rate for attorney's fees sought by petitioner is consistent with the prevailing billing rate in the Houston area. Petitioner also submits the affidavits of Mr. Harris and John W. Storms, C.P.A., to establish that the costs for the accountants' work are reasonable.

Respondent contests the hourly rate for attorney's fees requested by petitioner because it exceeds the $75 cap (adjusted for inflation) applicable to awards of attorney's fees under section 7430(c)(1)(B)(iii) for the years in issue.[6] In so doing,

---

[6] Respondent does not argue that the amount of time billed by Mr. Urquhart was excessive.

respondent contends that the availability of qualified attorneys to handle cases such as petitioner's was not limited, and that petitioner has failed to establish the existence of any special factor that would warrant departure from the statutory cap. Accordingly, respondent argues that an award of attorney's fees in this instance should be calculated at the adjusted statutory rate of $104 per hour.[7]

Respondent also disputes petitioner's claims for the accountants, Victor Harris and Pamela Zimmerman. Respondent argues that since the compensation rate for attorneys cannot

---

[7] This Court uses the Consumer Price Index (CPI) for all urban consumers to adjust the $75 hourly limit for increases in the cost of living. Cassuto v. Commissioner, 93 T.C. 256, 273 (1989), affd. in part and revd. in part 936 F.2d 736 (2d Cir. 1991). We have held that 1981 is the appropriate base year for calculating cost of living increases under sec. 7430(c)(1)(B)(iii). Bayer v. Commissioner, 98 T.C. 19, 23 (1992); Cassuto v. Commissioner, supra at 269. Nevertheless, the Court of Appeals for the Fifth Circuit, to which this case is appealable, has held that the appropriate base year for calculating cost of living increases is Jan. 1, 1986. Heasley v. Commissioner, 967 F.2d 116, 125 (5th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-189. We follow that holding here. Golsen v. Commissioner, 54 T.C. 742, 756-758 (1970), affd. 445 F.2d 985 (10th Cir. 1971).

We note that the $104 hourly rate utilized by respondent apparently represents the $75 statutory rate, adjusted by a 39-percent increase in the C.P.I. from Jan. 1986 to July 1995. The record indicates that a portion of the fees claimed by petitioner was billed after July 1995. Nevertheless, petitioner's objection to respondent's position relates only to the applicability of the statutory cap, and not to the calculation of the $104 amount.

exceed $104 per hour, similar limitations must apply with respect to the accountants' charges.[8]

In <u>Pierce v. Underwood</u>, 487 U.S. 552 (1988), the Supreme Court addressed whether "special factors" existed which entitled a party, who settled a dispute with the Government, to an award of attorney's fees in excess of the general statutory cap of $75 per hour (adjusted for inflation).[9]  The Court explained that in order for the "limited availability of qualified attorneys" to constitute a special factor warranting departure from the $75 cap, there must be a limited availability of attorneys who possess distinctive knowledge or a specialized skill needful to the particular litigation in question, as opposed to an extraordinary level of general lawyerly knowledge.[10]  <u>Id</u>. at 572.

---

[8]  Since petitioner requests costs with respect to Ms. Zimmerman's services at a maximum rate of $92 per hour, we fail to grasp respondent's objection insofar as it pertains to that amount.  Accordingly, since the hourly rate billed by Ms. Zimmerman did not exceed $104 per hour, and because respondent does not otherwise contest the costs sought by petitioner with respect to Ms. Zimmerman's services, we deem respondent to have conceded petitioner's claim to that extent.

[9]  Although the dispute in <u>Pierce v. Underwood</u>, 487 U.S. 552 (1988), arose under the provisions of the Equal Access to Justice Act (EAJA), 28 U.S.C. sec. 2412(d)(1994), the relevant provisions of the EAJA are almost identical to the language of sec. 7430. <u>Powers v. Commissioner</u>, 43 F.3d 172, 183 (5th Cir. 1995), affg. in part and revg. in part T.C. Memo. 1993-125 and 100 T.C. 457 (1993).  We, therefore, consider the holding in <u>Pierce v. Underwood</u>, <u>supra</u>, to be applicable to the case before us.

[10]  As examples of attorneys possessing distinctive knowledge or specialized skill, the Court included patent attorneys and attorneys with knowledge of foreign law or

(continued...)

Accordingly, the Court cautioned that factors such as the novelty and difficulty of the issues, the undesirability of the case, the work and ability of counsel, the results obtained, and the customary fees and awards in other cases, should not be considered for the purpose of determining whether an increased award is warranted.  Id. at 573; see also sec. 301.7430-4(b)(3)(iii)(B), Proced. & Admin. Regs.

The Court of Appeals for the Fifth Circuit, citing Pierce v. Underwood, supra, has explained in similar fashion that the term "special factor" refers to attorneys who possess nonlegal or technical abilities, as distinguished from other types of substantive specializations currently proliferating within the profession.  Perales v. Casillas, 950 F.2d 1066, 1078 (5th Cir. 1992); see also Powers v. Commissioner, 43 F.3d 172, 183 (5th Cir. 1995), affg, in part and revg. in part T.C. Memo. 1993-125 and 100 T.C. 457 (1993).  In this regard, the Court of Appeals for the Fifth Circuit has held that an expertise in tax law, as a type of "substantive specialization currently proliferating within the profession", is not a special factor warranting an hourly fee in excess of that contained in the statute.  Powers v. Commissioner, supra at 183.  Furthermore, the Court of Appeals for the Fifth Circuit has noted that the "limited availability" of attorneys in a particular field cannot, standing alone,

---

[10](...continued)
language.  Pierce v. Underwood, supra at 572.

constitute a special factor in the absence of any special expertise or skill demanded of the attorney by the underlying proceedings.  Perales v. Casillas, supra at 1078 n.16.

We first address petitioner's request for an award of costs relating to attorney's fees.  Although the issues presented in the notice of deficiency may have required petitioner to secure the services of a competent tax attorney, this finding does not, standing alone, demonstrate the presence of a special factor which would justify an increased award under section 7430. Powers v. Commissioner, supra at 183.[11]  In accordance with Pierce v. Underwood, supra, we do not consider the complexity of the underlying tax issues, nor do we consider whether the fees requested by petitioner are "reasonable" in comparison to the

---

[11]  We consider the following example, provided in sec. 301.7430-4(b)(3)(iii)(D), Proced. & Admin. Regs., to be applicable in this regard.  While this regulation refers to administrative costs, it is clear that it is also applicable to litigation costs.  Sec. 7430(c)(2)(B).

> Taxpayer A is represented by B, a CPA and attorney with an LL.M. Degree in Taxation with Highest Honors and who regularly handles cases dealing with TEFRA partnership issues.  B represents A in a * * * proceeding involving TEFRA partnership issues and subject to the provisions of this section.  Assuming the taxpayer qualifies for an award of reasonable  * * * costs by meeting the requirements of section 7430, the amount of the award attributable to the fees of B may not exceed the $75 per hour limitation * * *, absent a special factor.  Under these facts alone, B is not a specially qualified representative since even extraordinary knowledge of the tax laws does not constitute distinctive knowledge or a unique and specialized skill constituting a special factor.  [Sec. 301.7430-4(b)(3)(iii)(D), Proced. & Admin Regs.]

fees charged by attorneys with similar experience.  Petitioner has failed to establish that Mr. Urquhart possessed any nonlegal or technical abilities apart from his expertise in the field of tax law.  Powers v. Commissioner, supra at 183.  Petitioner, therefore, has failed to establish that a special factor existed which justifies an award in excess of the maximum rate provided in section 7430(c)(1)(B)(iii).

We now turn to petitioner's request for an award of costs with respect to the accounting fees.  Respondent's argument that the accounting fees are not reasonable appears to be directed to the limitation under section 7430(c)(1)(B)(iii) as applied to attorneys.[12]  It is clear that section 7430(c)(1)(B)(iii) relates to fees paid to attorneys.  Petitioner did not direct the Court to a specific statutory authority for an award of accountant's fees.  Moreover, petitioner did not respond to respondent's argument that the limitation of section 7430(c)(1)(B)(iii) should apply to the accountant's fees.  Respondent, on the other hand, suggests that the limitation applies without the citation of any authority.

Section 7430(c)(3) provides that fees for the services of an individual (whether or not an attorney) who is authorized to practice before the Tax Court or before the Internal Revenue

---

[12]  As previously noted, since the hourly fee charged to Ms. Zimmerman is less than the cap (adjusted for inflation), we deem that portion of the accountants' fees to be conceded.

Service shall be treated as fees for the services of an attorney for purposes of section 7430(c)(1) and (2). The clear statutory provision requires that fees claimed by nonlawyers who are authorized to practice before the Internal Revenue Service are subject to the same limitations applicable to attorney's fees.

From a review of this record, it is uncontroverted that Mr. Harris fits within section 7430(c)(3). Mr. Harris, who is a C.P.A., represented petitioner as well as other taxpayers before the IRS. As an individual who is authorized to practice before the IRS, his fees are to be treated as the fees of an attorney. As such, the fees paid or incurred for Mr. Harris' professional services are subject to the same limitations under section 7430(c)(1)(B)(iii) as those applicable to the attorney in this case. Similarly, Mr. Harris has not shown a special factor which would warrant a departure from the statutory cap.

In summary, we hold that petitioner is entitled to an award of litigation costs in the amount of $6,656 with respect to the legal fees paid or incurred for services provided by Mr. Urquhart at the limited rate set forth in section 7430(c)(1)(B)(iii), adjusted for inflation. Petitioner is also entitled to an award of costs of $365.21 with respect to Mr. Urquhart's out-of-pocket expenses. Finally, we hold that petitioner is entitled to an award of litigation costs for the accountant's fees paid or incurred for services provided by Ms. Zimmerman and Mr. Harris,

at the limited rate set forth in section 7430(c)(1)(B)(iii), in the total amount of $5,698.

To reflect the foregoing,

<u>An order with respect to petitioner's motion will be issued and a decision will be entered</u>.