T.C. Memo. 1997-537

UNITED STATES TAX COURT

JOHN E. AND CONCETTA LOZON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22764-94.                    Filed December 4, 1997.

<u>V. Jean Owens</u>, for petitioners.

<u>G. Michelle Ferreira</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on

petitioners' motion for litigation costs pursuant to section 7430

and Rule 231.[1]  Neither party requested a hearing on the motion.

---

[1]  References to sec. 7430 are to that section as amended by
sec. 1551 of the Tax Reform Act of 1986, Pub. L. 99-514, 100
Stat. 2085, 2752 (effective for proceedings commenced after Dec.
31, 1985), and by sec. 6239(a) of the Technical and Miscellaneous
Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3743-3746
(continued...)

Accordingly, we rule on petitioners' motion based on the parties' submissions and the existing record. Rule 232(a)(1). The portions of our opinion on the merits in the instant case, <u>Lozon v. Commissioner</u>, T.C. Memo. 1997-250 (Lozon I), that are relevant to our disposition of this motion are incorporated herein by this reference.

After concessions,[2] the issues for decision are: (1) Whether petitioners are the prevailing party in the underlying tax case; (2) whether petitioners unreasonably protracted the Court's proceeding; and (3) whether the amounts of litigation costs claimed by petitioners are reasonable.

Background

Petitioners were Neighborhood Office Agents (NOA's) of Allstate Insurance Co. (Allstate). The substantive issues in Lozon I were: (1) Whether petitioners performed services for Allstate as employees or as independent contractors

---

[1] (...continued)
(effective with respect to proceedings commenced after Nov. 10, 1988). The petition in this case was filed on Dec. 8, 1994; therefore, the provisions of the Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 701, 110 Stat. 1452, 1463-1464 (1996) (effective with respect to proceedings commenced after July 30, 1996), are not applicable here. See <u>Maggie Management Co. v. Commissioner</u>, 108 T.C. 430 (1997). Unless otherwise indicated, references to other sections are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent concedes that petitioners exhausted their administrative remedies, substantially prevailed, and met the net worth requirements.

(classification issue); (2) whether contributions made by Allstate to its pension plan and the Sears Savings and Profit Sharing Fund (the plans) on behalf of Mrs. Lozon were taxable to her when vested (pension issue); and (3) whether petitioners should be credited with payroll taxes withheld from their income by Allstate and payroll taxes paid by Allstate (employer's matching portion) in calculating petitioners' self-employment tax liability (self-employment tax issue).[3]  We held that petitioners were independent contractors, the contributions to the plans by Allstate were not taxable, and petitioners could not offset their self-employment tax liability by Allstate's matching portion of the employment taxes but could for their portion of employment tax payments to the extent allowed by section 6521.

Discussion

Section 7430 provides for the award of administrative and litigation costs to a taxpayer in an administrative or court proceeding brought against the United States involving the determination of any tax, interest, or penalty pursuant to the Internal Revenue Code.  An award of administrative or litigation costs may be made where the taxpayer:  (1) Is the prevailing party; (2) exhausted available administrative remedies, (3) did not unreasonably protract the administrative or judicial proceeding, and (4) claimed reasonable administrative and

_____

[3]  We note that respondent raised the pension and the self-employment tax issues in the answer.

litigation costs. Sec. 7430(a), (b)(1), (4), (c).

Petitioners bear the burden of proving that each of the foregoing requirements has been satisfied. Rule 232(e). These requirements are conjunctive, and failure to satisfy any one will preclude an award of costs to petitioners. Minahan v. Commissioner, 88 T.C. 492, 497 (1987).

I. Prevailing Party

To be a "prevailing party", a taxpayer must establish that: (1) The position of the United States was not substantially justified; (2) the taxpayer substantially prevailed with respect to either the amount in controversy or the most significant issue or set of issues presented; and (3) the taxpayer met the net worth requirements of 28 U.S.C. sec. 2412(d)(2)(B) (1994) at the time the petition in the case was filed. Sec. 7430(c)(4)(A).

As we stated earlier, respondent concedes that petitioners substantially prevailed and met the net worth requirements. Petitioners contend that respondent's position, that NOA's were employees of Allstate, was not substantially justified because respondent advanced this same position previously and lost on the identical issue several times, citing Mosteirin v. Commissioner, T.C. Memo. 1995-367 (Mosteirin I); Smithwick v. Commissioner, T.C. Memo. 1993-582, affd. per curiam sub nom. Butts v. Commissioner, 49 F.3d 713 (11th Cir. 1995); and Butts v. Commissioner, T.C. Memo. 1993-478, affd. per curiam 49 F.3d 713 (11th Cir. 1995) (the prior Allstate cases). Respondent argues

that the Court has rejected this argument and has held that respondent's position in the prior Allstate cases was substantially justified, citing Mosteirin v. Commissioner, T.C. Memo. 1995-419 (Mosteirin II). Respondent further contends that the pension and self-employment tax issues were new issues which were not litigated in the prior Allstate cases, that the pension and self-employment tax issues are supported by a reasonable basis in law and fact, and that it was necessary to try the classification issue together with the pension and self-employment tax issues.

Petitioners are not seeking an award of administrative costs. Therefore, we need only examine the question of whether respondent's litigation position was substantially justified. See Swanson v. Commissioner, 106 T.C. 76, 86 (1996).

A. Position of the United States

The position taken by the United States, for purposes of litigation costs, is the position of the United States in a judicial proceeding. Sec. 7430(c)(7)(A). Respondent took his position in the judicial proceeding herein on the date respondent's answer was filed--February 6, 1995. See Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-144.

B. Substantial Justification

The substantially justified standard is "essentially a continuation of the prior law's reasonableness standard."

Swanson v. Commissioner, supra at 86.  A position is substantially justified if it is justified to a degree that could satisfy a reasonable person and has a reasonable basis in both fact and law.  Pierce v. Underwood, 487 U.S. 552, 565 (1988);[4] Huffman v. Commissioner, supra at 1147; Swanson v. Commissioner, supra at 86.  A position that merely has enough merit to avoid sanctions for frivolousness will not satisfy this standard. Pierce v. Underwood, supra at 566.

The determination of reasonableness is based on all of the facts and circumstances surrounding the proceeding and the legal precedents relating to the case.  Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 694-695 (1990).  A position has a reasonable basis in fact if there is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Pierce v. Underwood, supra at 565.  A position is substantially justified in law if legal precedent substantially supports the Commissioner's position given the facts available to the Commissioner.  See Coastal Petroleum Refiners, Inc. v. Commissioner, supra at 688.  Determining the reasonableness of

---

[4] Although the dispute in Pierce v. Underwood, 487 U.S. 552 (1988), arose under the provisions of the Equal Access to Justice Act (EAJA), 28 U.S.C. sec. 2412(d) (1994), the relevant provisions of the EAJA are almost identical to the language of sec. 7430.  Powers v. Commissioner, 43 F.3d 172, 183 (5th Cir. 1995), affg. in part and revg. in part T.C. Memo. 1993-125.  We, therefore, consider the holding in Pierce v. Underwood, supra, to be applicable to the case before us.  Cozean v. Commissioner, 109 T.C. ____ (1997).

the Commissioner's position and conduct requires considering what the Commissioner knew at the time.  See <u>Rutana v. Commissioner</u>, 88 T.C. 1329, 1334 (1987); <u>DeVenney v. Commissioner</u>, 85 T.C. 927, 930 (1985).

The fact that the Commissioner loses on the merits or concedes the case does not establish that a position was not substantially justified; however, it is a factor to be considered.  <u>Powers v. Commissioner</u>, 100 T.C. 457, 471 (1993).

The Court has adopted an issue-by-issue approach to section 7430, apportioning the requested awards between those issues for which the Commissioner was and those issues for which the Commissioner was not substantially justified.  See <u>Powers v. Commissioner</u>, 51 F.3d 34, 35 (5th Cir. 1995); <u>Swanson v. Commissioner</u>, <u>supra</u> at 102; see also sec. 301.7430-5(c)(2), Proced. & Admin. Regs.  We follow that approach here and separately discuss whether respondent's position on the classification issue, pension issue, and self-employment tax issue was not substantially justified.

1.  <u>Classification Issue</u>

This Court, in Mosteirin II, ruled that the Commissioner was substantially justified in litigating the employee versus independent contractor issue in a case involving NOA's of Allstate even though the Commissioner had unsuccessfully taken the identical position in this Court twice before.  We noted that the motion for costs presented a close case and that our opinion

in <u>Butts v. Commissioner</u>, <u>supra</u>, invited the presentation of additional evidence--evidence the Commissioner put forward in Mosteirin I.  We concluded it was not unreasonable for the Commissioner to try to sustain the position because these additional facts were not before the Court in <u>Butts</u> and <u>Smithwick v. Commissioner</u>, <u>supra</u>.  Furthermore, <u>Butts</u> and <u>Smithwick</u> were on appeal when the trial in Mosteirin I was held.  In concluding that the Commissioner was substantially justified, we cited <u>Moore v. Commissioner</u>, T.C. Memo. 1989-306, which held that the Government's position is not unreasonable when testimony is needed to clarify a factual controversy.

The Court further noted that since the trial in Mosteirin I the U.S. Court of Appeals for the Eleventh Circuit affirmed our decisions in <u>Butts</u> and <u>Smithwick</u>, we reaffirmed our view in Mosteirin I, and these developments should have facilitated resolution of the classification issue in other cases involving NOA's of Allstate.  The Court left "'for another day the decision whether costs and fees should be available in a case in which respondent continues to advocate a position * * * previously judicially * * * disapproved'".  <u>Mosteirin v. Commissioner</u>, T.C. Memo. 1995-419 (quoting <u>Mearkle v. Commissioner</u>, 87 T.C. 527, 533 n.10 (1986), revd. on other grounds 838 F.2d 880 (6th Cir. 1988)).  That day has come.

In Lozon I, we found that there were no essential facts distinguishable from those presented in <u>Butts</u> and no legal

arguments presented by respondent that were not addressed and rejected in Butts and Mosteirin I. Additionally, no factual controversy remained after Mosteirin I. Respondent knew, and indeed agreed, that the facts were indistinguishable from the prior Allstate cases. Given that these facts were available to respondent, legal precedents did not substantially support respondent's position.

Furthermore, we do not agree that it was necessary for respondent to try the pension and self-employment tax issues together with the classification issue.[5]

It is time for respondent to suffer the consequences of continually advocating a position previously judicially disapproved. We conclude that respondent's position regarding the classification issue was not substantially justified.[6]

_____

[5] We do not find convincing respondent's bald assertion that it was necessary.

[6] Respondent also argues that the Government was substantially justified in litigating the classification issue because the Court correctly articulated the applicable legal standard in Butts v. Commissioner, T.C. Memo. 1993-478, affd. per curiam 49 F.3d 713 (11th Cir. 1995), and Smithwick v. Commissioner, T.C. Memo 1993-582, affd. per curiam sub nom. Butts v. Commissioner, 49 F.3d 713 (11th Cir. 1995), as one of the right to control the insurance agency, but we did not correctly apply the legal test to the NOA's in those two cases. Respondent's argument relies on our statement in Lozon I that respondent was half right. Respondent understands this statement to mean that the Court agreed that we misapplied the test. Respondent is mistaken. In stating that respondent was half right, we meant that respondent was correct in noting that the Court articulated the applicable legal standard, but was incorrect in asserting that we misapplied the test. Thus,

(continued...)

Therefore, petitioners are the prevailing party with regard to the classification issue.[7]

### 2. Pension and Self-Employment Tax Issues

As we stated earlier, petitioners bear the burden of proving that respondent's position was not substantially justified. Rule 232(e). Petitioners present no arguments on whether respondent's positions regarding the pension and self-employment tax issues were not substantially justified. Petitioners fail to meet their burden. Therefore, petitioners are not the prevailing party with regard to the pension and self-employment tax issues.

### II. Unreasonably Protracting the Proceedings

Respondent argues that petitioners unreasonably protracted the proceedings because petitioners conceded on brief that they were liable for taxes on certain fringe benefits provided to them by Allstate.

Respondent raised this issue in the answer. The trial in the underlying case lasted only 1.5 hours, and virtually no trial time was spent on the fringe benefits issue.

---

[6] (...continued)
respondent's argument is without merit.

[7] Respondent did not argue that this case was an appropriate vehicle for attempting to obtain a conflict among the circuits that would be "meaningful" within the terms of Keasler v. United States, 766 F.2d 1227, 1237 (8th Cir. 1985). See Mosteirin v. Commissioner, T.C. Memo. 1995-419. Therefore, this issue is not before the Court.

On the basis of the parties' submissions and the record as a whole, we conclude that petitioners did not unreasonably protract the proceedings.[8]

### III. Reasonable Litigation Costs

Petitioners submitted a statement from their attorney, V. Jean Owens, which itemized 56.5 hours he worked on the case, 32 hours of paralegal time, and $1,227.22 in fees and costs incurred from November 8, 1995, through June 9, 1997 (the itemized statement). Mr. Owens billed his time at a rate of $175 per hour, and the paralegal billed at a rate of $65 per hour. Petitioners' motion, however, requests the award of 71 attorney hours at the rate of $110 per hour, 37 paralegal hours at the rate of $65 per hour, and $1,247.22 in costs.

Section 7430(c)(1) defines reasonable litigation costs, in part, as reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding. Section 7430(c)(1)(B)(iii) limits the hourly rate for attorney's fees to $75, with allowances for a higher rate for increases in the cost of living and other special factors (such as the limited availability of qualified attorneys).

---

[8] In any event, even assuming petitioners protracted the proceeding in regard to this issue, sec. 7430(b)(4), because it speaks in terms of a "portion" of a proceeding, would not bar recovery for costs attributable to litigating the classification issue.

Petitioners argue that they are entitled to a higher than statutory rate for the hours their attorney billed because their attorney has practiced in the tax controversy arena for over 30 years and their case involved intricate tax matters. Respondent counters that tax expertise does not qualify as a special factor which would allow the Court to award fees at an increased rate. Respondent further argues that the travel costs incurred by petitioners' attorney were unnecessary and that a rate of $65 per hour for a paralegal is excessive because it is "substantially close" to the statutory rate allowable for attorneys.

A. Special Factor

To preserve the intended effectiveness of the $75 cap, any "special factor" should not be of broad and general application. Pierce v. Underwood, 487 U.S. at 573; Powers v. Commissioner, 100 T.C. at 489.

In order for the "limited availability of qualified attorneys" to constitute a special factor warranting departure from the $75 cap, there must be a limited availability of attorneys who possess distinctive knowledge or a specialized skill needful to the particular litigation in question, as opposed to an extraordinary level of general lawyerly knowledge and ability useful in all litigation. Pierce v. Underwood, supra at 572; Cozean v. Commissioner, 109 T.C. ___ (1997). Factors such as the novelty and difficulty of the issues, the undesirability of the case, the work and ability of counsel, the

results obtained, and the customary fees and awards in other cases should not be considered for the purpose of determining whether an increased award is warranted. <u>Pierce v. Underwood</u>, <u>supra</u> at 573; <u>Cozean v. Commissioner</u>, <u>supra</u>; see also sec. 301.7430-4(b)(3)(iii)(B), Proced. & Admin. Regs. Likewise, it is not a special factor if hourly rates for all lawyers in the relevant city or area exceed $75. <u>Pierce v. Underwood</u>, <u>supra</u> at 571-572; <u>Powers v. Commissioner</u>, 100 T.C. at 489.

General expertise in tax law in itself is not a special factor warranting a fee award in excess of $75 per hour under section 7430. <u>Huffman v. Commissioner</u>, 978 F.2d at 1150; <u>Powers v. Commissioner</u>, 100 T.C. at 489. Depending on the facts and circumstances of the case, however, we may find that a tax attorney had a special skill and expertise needful for the litigation in question. <u>Powers v. Commissioner</u>, 100 T.C. at 489.

Although the issues presented in Lozon I may have required petitioner to secure the services of a competent tax attorney, this finding, standing alone, does not demonstrate the presence of a special factor which would justify an increased award under section 7430. See <u>Powers v. Commissioner</u>, 43 F.3d 172, 183 (5th Cir. 1995), affg. in part and revg. in part T.C. Memo. 1993-125; <u>Cozean v. Commissioner</u>, <u>supra</u>. Petitioners have failed to establish that Mr. Owens possessed any nonlegal or technical abilities apart from his expertise in tax law. See <u>Powers v. Commissioner</u>, 43 F.3d at 183; <u>Cozean v. Commissioner</u>, <u>supra</u>.

Petitioners, therefore, have failed to establish that a special factor existed which justifies an award in excess of the maximum rate provided in section 7430(c)(1)(B)(iii).

B. Cost of Living Adjustment

We have held that 1981 is the appropriate base year for calculating cost of living increases under section 7430(c)(1)(B)(iii). Bayer v. Commissioner, 98 T.C. 19, 23 (1992). This case, however, is appealable to the Court of Appeals for the Ninth Circuit, and that court has held that 1986 is the appropriate base year for calculating cost of living increases under section 7430. Huffman v. Commissioner, supra at 1151. We follow that holding here. Golsen v. Commissioner, 54 T.C. 742, 756-757 (1970), affd. 445 F.2d 985 (10th Cir. 1971).

We use the Consumer Price Index of All Urban Consumers (CPI-U) published by the U.S. Department of Labor, Bureau of Labor Statistics, to adjust the $75 hourly limit for increases in the cost of living. Powers v. Commissioner, 100 T.C. at 491. We award petitioners attorney's fees at an hourly rate not to exceed $104.29 for 1995 and $107.37 for 1996. See Galedrige Constr., Inc. v. Commissioner, T.C. Memo. 1997-485.

C. Apportioning the Award

As was stated above, the Court has adopted an issue-by-issue approach to section 7430, apportioning the requested award between those issues for which the Commissioner was, and those issues for which the Commissioner was not, substantially

justified.  See <u>Powers v. Commissioner</u>, 51 F.3d at 35; <u>Swanson v. Commissioner</u>, 106 T.C. at 102; see also sec. 301.7430-5(c)(2), Proced. & Admin. Regs.  In calculating the amount to award, we look to the issues on which petitioners prevailed.  <u>Powers v. Commissioner</u>, 51 F.3d at 35.  This case involved one primary issue (the classification issue) and two alternate issues (the pension and self-employment tax issues).  Petitioners were the prevailing party only on the classification issue; therefore, we shall not award any fees or costs related to the pension or self-employment tax issues.

We do not assign all issues equal weight because the time and expense spent on each issue was not the same.  This is evidenced by the following:  The primary issue in Lozon I was the classification issue; virtually 100 percent of the trial was dedicated to the classification issue; approximately 50 percent of petitioners' original brief was dedicated to the classification issue;[9] and approximately 85 percent of petitioners' reply brief was dedicated to the classification issue.[10]  Therefore, based on a review of the entire record,

_____

[9]  Approximately 10 pages of the argument section and 4 pages of the findings of fact section were dedicated to the classification issue whereas approximately 13 pages of the argument section and 2 pages of the findings of fact section were dedicated to the pension or self-employment tax issues.  The rest of the brief, which dealt with preliminary matters, background matters, and other issues, is negligible in amount.

[10]  Approximately eight pages of the argument section and
(continued...)

where the itemized statement does not expressly state which issue the fees or cost relates to, we shall allocate 80 percent to the classification issue and 20 percent to the pension or self-employment tax issues. See id.

D. The Fees and Costs Requested

1. Attorney's Fees: 1995

The itemized statement shows that petitioners' attorney billed 20 hours between November 8 and December 31, 1995. Two of these hours, billed on December 1, 1995, relate to the "benefits issue". We shall not award fees for these hours. We find the remaining 18 hours listed on the itemized statement to be reasonable in amount; therefore, we award 80 percent of these hours.

2. Attorney's Fees: 1996

The itemized statement shows that petitioners' attorney billed 36.5 hours between January 1 and December 31, 1996. One of these hours, billed on January 2, 1996, relates to the classification issue. We award 100 percent of this time. Six of these hours, billed on January 23, March 1, 7, 8, 18, 19, 28, 29, and April 1 and 5 of 1996, relate to the pension issue. We shall not award fees for these hours. We find the remaining 29.5 hours

_____

10 (...continued)
four pages of petitioners' response to respondent's requested findings of fact section were dedicated to the classification issue whereas approximately two pages of the argument section were dedicated to the pension or self-employment tax issues. The rest of the brief is negligible in amount.

listed on the itemized statement to be reasonable in amount. Therefore, we award 80 percent of these hours.[11]

### 3. Additional Attorney's Fees

Petitioners also requested an additional 14.5 hours of attorney's fees which were not listed on the itemized statement. Petitioners presented no detailed explanation of the services provided during these hours. We shall not award fees for these hours. Rule 231(d); Powers v. Commissioner, 100 T.C. at 492.

### 4. Paralegal Fees

This Court has awarded fees for law clerks and paralegals. Powers v. Commissioner, 100 T.C. at 493. In our discretion, we may decide the appropriate hourly rate for paralegal's and law clerk's fees. See id. (applying a single hourly rate of $50). We believe that a rate of $65 per hour for paralegals is reasonable and award petitioners paralegal's fees at that rate.[12]

Petitioners' paralegal billed 32.8 hours between November 8, 1995, and June 9, 1997. Four-tenths (0.4) of 1 hour, billed on

---

[11] Respondent argues that petitioners incurred additional and unnecessary expenses for their attorney's travel to and from the trial. The attorney lived and worked in Florida, and the trial was held in California. We do not believe that it is unreasonable for taxpayers to hire nonlocal tax counsel. This is especially true in this case because petitioners' attorney was the attorney of record in Butts v. Commissioner, T.C. Memo. 1993-478, and Smithwick v. Commissioner, T.C. Memo. 1993-582.

[12] Respondent's argument that the paralegal's rate is substantially close to the statutory limit allowable for attorneys is unpersuasive--this is especially true after adjusting the statutory limit upwards for increases in the cost of living.

November 27, 1995, was for a "telephone conference with the United States Court of Appeals re:  rules and admission".  The record does not show why such a call was necessary, why petitioners' attorney would need the rules of, or to be admitted to, a Court of Appeals, or which Court of Appeals the paralegal called.  We shall not award fees for this time.  Three-tenths (0.3) of one hour, billed on March 19, 1996, relates to the pension issue.  We shall not award fees for this time.  We find the remaining 32.1 hours listed on the itemized statement to be reasonable in amount; therefore, we award 80 percent of these hours.

Petitioners also requested an additional 5 hours of paralegal's fees which were not listed on the itemized statement.  Petitioners presented no detailed explanation of the services provided during these hours.  We shall not award fees for these hours.  Rule 231(d); Powers v. Commissioner, 100 T.C. at 492.

5.  Miscellaneous Litigation Costs

Petitioners request reimbursement for $24.20 in costs related to "Federal Express".  Petitioners have offered no reason for their attorney's use of Federal Express instead of the U.S. Postal Service.  Petitioners have failed to prove the necessity of such costs, and we shall not award any litigation costs for these expenses.  See Cassuto v. Commissioner, 93 T.C. 256, 275 (1989), affd. in part and revd. in part on other grounds 936 F.2d 736 (2d Cir. 1991).

Petitioners also requested an additional $20 which was not listed as a cost in the itemized statement.  Petitioners presented no detailed explanation of what this cost related to. We shall not award this amount.  Rule 231(d); <u>Powers v. Commissioner</u>, 100 T.C. at 492.

The itemized statement shows $1,203.02 in costs for fax, postage, parking and taxi, photocopying, hotel, transcript, and airplane ticket expenses.[13]  We find these amounts to be reasonable; therefore, we award 80 percent of these costs.

To reflect the foregoing,

<u>An appropriate order</u>

<u>will be issued</u>.

_____

[13]  While we may not usually award costs for hotel and airplane ticket expenses, we find these costs to be reasonable based upon all of the facts and circumstances present in this case.  See <u>supra</u> note 11.