R AND J PARTNERS, Robert M. Nalley, Tax Matters Partner, Petitioner–Appellee

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellant.

No. 10–60675
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 19, 2011.

Larry A. Campagna, Esq., Lawrence W. Sherlock, Esq., Chamberlain, Hrdlicka, White, Williams & Martin, Houston, TX, for Petitioner–Appellee.

Joan I. Oppenheimer, John Dicicco, U.S. Department of Justice, Clarissa C. Potter, Internal Revenue Service, Washington, DC, for Respondent–Appellant.

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM: *

The Commissioner lodged this appeal from an order of the Tax Court granting the appellee's motion for summary judgment disposing of all the parties' claims. The resolution of this appeal depends upon a question of law, namely whether an understatement of income resulting from an overstatement of the tax basis of sold property can qualify as an omission from gross income giving rise to the extended six-year period for tax assessment. Based upon a decision of this Court, *Burks v. United States*, 633 F.3d 347 (5th Cir.2011), the Tax Court answered that question in the negative and granted the taxpayer's motion for summary judgment. The Commissioner agrees that *Burks* controls the law in the circuit on that question and that

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Tax Court correctly applied that law, but took this protective appeal in an effort to obtain a review by the Supreme Court. We are, of course, bound by *Burks* and therefore affirm the judgment of the Tax Court.

## I.

In 1998, Robert Nalley ("Nalley") began the process of selling stock that he owned in four companies and terminating his rights in a deferred compensation program. To avoid tax liability on the gains stemming from those actions, Nalley, as part of what is known as a "Basis Enhancing Transaction," formed R and J Partners ("the Partnership"). Nalley transferred the stock to the Partnership, and the Partnership sold it. That sale artificially enhanced Nalley's basis in the Partnership, which led to an understatement of the Partnership's capital gains.

In 2006, the Commissioner of Internal Revenue issued a Notice of Final Partnership Administrative Adjustment ("FPAA") with respect to the Partnership's 1998 tax year. The Partnership filed a petition with the Tax Court, asserting that the FPAA was issued after the expiration of the normal three-year assessment period and was therefore invalid. The Commissioner argued that the overstatement of Nalley's basis in the Partnership triggered § 6501(e)(1)(A) of the Internal Revenue Code, which provides for an extended six-year assessment period when a taxpayer "omits from gross income an amount properly includable therein which is in excess of 25 percent of the amount of gross income stated in the return."

The Tax Court granted the Partnership's motion for summary judgment, finding that an overstatement of basis did not qualify as an omission from gross income under I.R.C. § 6501(e)(1)(A) and therefore did not trigger the extended limitations period. The Tax Court relied both on its own precedent and on this Court's opinion in *Burks v. United States*, which held that the Supreme Court's decision in *Colony, Inc. v. Commissioner of Internal Revenue*, 357 U.S. 28, 78 S.Ct. 1033, 2 L.Ed.2d 1119 (1958), is controlling as to the current Tax Code.[1]

This appeal by the Commissioner followed.

## II.

We apply the same standard of review to appeals of tax court decisions as apply to federal district court decisions.[2] We review a grant of summary judgment de novo, applying the same standards as the court below.[3] "Summary judgment is appropriate when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law."[4]

## III.

This appeal concerns a pure question of law: whether an overstatement of basis qualifies as an omission from gross income. As both parties acknowledge, that question was recently answered in the negative by this Court in *Burks v. United States*, 633 F.3d 347 (5th Cir.2011). In *Burks*, this Court held that the Supreme Court's *Colony* decision, holding that an overstatement of basis cannot qualify as an omission from gross income, applies to the 1954 Tax Code

---

1. *Colony, Inc. v. Comm'r of Internal Revenue*, 357 U.S. 28, 36, 78 S.Ct. 1033, 2 L.Ed.2d 1119 (1958).

2. *Powers v. Comm'r of Internal Revenue Serv.*, 43 F.3d 172, 175–76 (5th Cir.1995).

3. *Floyd v. Amite Cnty. Sch. Dist.*, 581 F.3d 244, 247 (5th Cir.2009).

4. *Id.* at 247–48.

as well as its 1939 predecessor and is therefore controlling precedent.[5] The Court in *Burks* also held that recent Treasury regulations interpreting omissions from gross income as including overstatement of basis are not entitled to *Chevron* deference, because the statutory language that those regulations purport to interpret is unambiguous.[6]

The circuits are split on this question. A pre-regulation Ninth Circuit decision held that *Colony* is controlling, but did not foreclose the possibility of reasonable Treasury regulations interpreting the statute.[7] The Fourth Circuit recently agreed with our reasoning that the *Colony* decision is controlling, and that the Treasury regulations are not entitled to *Chevron* deference.[8] Four circuits have adopted the Commissioner's view, holding either that *Colony* does not apply to the 1954 Code [9] or that the statute is ambiguous and we must defer to the regulations.[10]

### IV.

This Court, however, is bound by the decisions of the Circuit and we, therefore, AFFIRM the judgment of the Tax Court.

---

5. *Burks v. United States,* 633 F.3d 347, 357–58 (5th Cir.2009).

6. *Id.* at 359–60. The Court also noted that even if they were entitled to deference, the regulations were inapplicable because they were promulgated during the pendency of the suit. *Id.* at 360 n. 9.

7. *Bakersfield Energy Partners v. Comm'r of Internal Revenue,* 568 F.3d 767, 778 (9th Cir. 2009).

8. *Home Concrete & Supply v. United States,* 634 F.3d 249 (4th Cir.2011).

9. *Beard v. Comm'r of Internal Revenue,* 633 F.3d 616, 620 (7th Cir.2011) (holding that *Colony* is not controlling).

10. *Grapevine Imports v. United States,* 636 F.3d 1368, 1381 (Fed.Cir.2011) (holding that the Treasury regulations are entitled to deference notwithstanding the applicability of *Colony*); *Salman Ranch, Ltd. v. Comm'r of Internal Revenue,* 647 F.3d 929, 940–41 (10th Cir. 2011) (same); *Intermountain Ins. Serv. of Vail v. Comm'r of Internal Revenue Serv.,* 650 F.3d 691 (D.C.Cir.2011) (same).