T.C. Memo. 2000-167

UNITED STATES TAX COURT

DARTMOUTH CLUBS, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13251-98.                          Filed May 22, 2000.

<u>William F. Patten</u>, for petitioner.

<u>Ronald F. Hood</u> and <u>David N. Brodsky</u>, for respondent.

MEMORANDUM OPINION

PARR, <u>Judge</u>:  This case is before the Court on petitioner's
motion for reasonable litigation and administrative costs
pursuant to section 7430[1] and Rules 230 through 232, filed

---

[1]References to sec. 7430 in this opinion are to that section
of the Internal Revenue Code as amended by the Taxpayer Bill of
Rights 2 (TBOR 2), Pub. L. 104-168, secs. 701-704, 110 Stat.
1452, 1463-1464 (1996), which is effective with respect to
                                              (continued...)

February 2, 2000.

The issues for decision are: (1) Whether petitioner is the prevailing party in the underlying tax case, within the meaning of section 7430(c)(4). We hold it is not. (2) Whether the litigation and administrative costs claimed by petitioner are reasonable, within the meaning of section 7430(c)(1) and (2). Because of our holding that petitioner is not the prevailing party, we need not consider whether the costs claimed by petitioner are reasonable.

Neither party has requested an evidentiary hearing on petitioner's motion, and the Court concludes that such a hearing is not necessary for the proper disposition of petitioner's motion. See Rule 232(a)(2). Accordingly, we decide petitioner's motion for an award of administrative and litigation costs on the record of the case, including respondent's objection, petitioner's response to respondent's objection, and the parties'

---

[1](...continued)
proceedings commenced after July 30, 1996. See TBOR 2 secs. 701(d), 702(b), 703(b), and 704 (b), 110 Stat. 1463-1464. Sec. 7430, as amended by TBOR 2, requires the United States to establish that the position of the United States was substantially justified. See sec. 7430(c)(4)(B)(i).
    A judicial proceeding is commenced in this Court with the filing of a petition. See Rule 20(a); Maggie Management Co. v. Commissioner, 108 T.C. 430, 438 (1997). Petitioner filed its petition on July 29, 1998; thus, sec. 7430 as amended by TBOR 2 is applicable. Other section references are to the Internal Revenue Code in effect for the taxable years in issue.
    All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

affidavits and exhibits, which are incorporated herein by this reference.

Petitioner is an exotic dance club, whose address was Westport, Massachusetts, at the time the petition in this case was filed.

Background

Petitioner filed its Federal income tax returns using a fiscal year ending on March 31. In April 1995, respondent began an examination of petitioner's 1994 and 1995 corporate tax returns. The examining revenue agent found that during these years, petitioner had deducted cash payments made to many individuals, including Henry Lauzon, Jr. (Lauzon, Jr.), petitioner's president and sole shareholder, for which no Forms W-2, Wage and Tax Statement, or Forms 1099-MISC, Miscellaneous Income, had been issued. These cash payments totaled $644,743 in 1994 and $733,448 in 1995.

On July 16, 1995, January 30, 1996, July 12, 1996, and September 18, 1997, the revenue agent sent petitioner information document requests for documents that would substantiate that the cash payments were corporate expenses. During the course of the examination, the revenue agent and petitioner had several meetings regarding the requested documentation.

Eventually, the revenue agent wrote a report on the disputed items and proposed adjustments. In May 1997, petitioner

protested the proposed adjustments at an administrative review in the Internal Revenue Service Office of Appeals (Appeals). Appeals returned the case to the revenue agent with instructions to consider whether additional evidence that petitioner had presented at the administrative review provided the required substantiation.

The parties were not able to reach an agreement on the disputed items, and petitioner refused to agree to a statutory extension of the time to assess tax. Accordingly, on April 30, 1998, respondent mailed a notice of deficiency to petitioner.

In the notice, respondent determined deficiencies of $219,885 and $249,372, and accuracy-related penalties of $43,977 and $49,874, for petitioner's fiscal years 1994 and 1995, respectively. The deficiencies were based on the disallowance of deductions that petitioner claimed for casual labor, security expenses, talent scouting expenses, music expenses, and management consulting fees.

The notice of deficiency stated that the deductions for the casual labor, security expenses, music expenses, and management consulting fees were disallowed because petitioner did not provide substantiation, including invoices, matching canceled checks, and Forms 1099, to support its claimed deductions. Respondent disallowed the deduction for the talent scouting expenses, because he determined that $104,000 of the amount

claimed in each of the years at issue for this expense was a dividend paid to Lauzon, Jr.

On July 29, 1998, petitioner filed a petition with this Court. On September 28, 1998, respondent's answer was filed.

On September 25, 1998, respondent sent the case to Appeals for consideration. On June 10, 1999, an Appeals officer contacted petitioner's attorney, William F. Patten (Mr. Patten), and the parties scheduled a conference for July 2. The Appeals officer requested that Mr. Patten bring copies of any Forms 1099 that petitioner had issued, a worksheet reconciling the Forms 1099 to the corporate records, and a list of all persons that received less than $600 from petitioner. Mr. Patten brought the Forms 1099 to the conference, and he stated that the worksheet and other information would be provided on July 7. Preparation of the worksheets took longer than expected, and petitioner was not able to provide them by the promised date.

On August 16, 1999, the Appeals officer received the worksheet and other requested information for both years in issue, except for any information about the $104,000 payments to Lauzon, Jr. After reviewing the worksheets and other information, the Appeals officer concluded that all the claimed deductions were allowable as ordinary and necessary business expenses, except for the $104,000 payments to Lauzon, Jr.

Petitioner claimed, and respondent allowed, deductions of

$309,923 and $326,767 in 1994 and 1995, respectively, for management consulting fees paid to Lauzon, Jr. The $104,000 payments were also recorded on petitioners books as management consultant fees paid to Lauzon, Jr.; however, petitioner later reclassified these payments as expenses incurred in scouting new talent. Considering the amount of the management consultant fees paid to Lauzon, Jr., the Appeals officer believed that the $104,000 payments may have been excessive compensation.

Accordingly, on September 10, 1999, the Appeals officer initiated a discussion with petitioner's accountant to resolve this last item. On September 16, the Appeals officer and petitioner agreed to split the $104,000--one-half of the amount claimed was allowed as a deduction in each year, and one-half was disallowed.

On September 24, 1999, the Appeals officer received the audit department's computation and prepared the stipulated decision document. The decision document showed income tax deficiencies of $8,354 and $8,000 for 1994 and 1995, respectively. On October 30, 1999, Mr. Patten signed the stipulated decision document and respondent signed it two days later. The Court entered the stipulated decision on November 5, 1999.

Petitioner thereafter filed a motion to vacate the decision and a motion for administrative and litigation costs. Petitioner claims that it incurred $61,632 in administrative and litigation

costs from December 1996 to December 1999. The Court issued an order granting petitioner's motion to vacate the decision, and we now consider petitioner's motion for administrative and litigation costs.

Discussion

Section 7430(a) provides that the prevailing party may be awarded: (1) Reasonable administrative costs incurred in connection with an administrative proceeding within the Internal Revenue Service and (2) reasonable litigation costs incurred in connection with a court proceeding. For this Court to award reasonable administrative and litigation costs under section 7430, several conjunctive requirements must be met. The record must show that: (1) The moving party exhausted any administrative remedies available to him or her within the Internal Revenue Service. See sec. 7430(b)(1). Respondent concedes that petitioner has met this requirement. (2) The moving party did not unreasonably protract the administrative proceeding or the proceeding in this Court. See sec. 7430(b)(3). Respondent concedes that petitioner has met this requirement. (3) The moving party is the prevailing party. See sec. 7430(a). As discussed below, we find that petitioner is not the prevailing party.

To be a "prevailing party", a taxpayer must establish that the taxpayer substantially prevailed with respect to the amount

in controversy or with respect to the most significant issue or set of issues presented, sec. 7430(c)(4)(A)(i), and that the taxpayer is either an individual whose net worth does not exceed $2 million, or an owner of any unincorporated business, or any partnership, corporation, etc., the net worth of which does not exceed $7 million, at the time the petition is filed, see sec. 7430(c)(4)(A)(ii); 28 U.S.C. sec. 2412(d)(2)(B) (1988). Respondent concedes that petitioner substantially prevailed with respect to either the amount in controversy or the most significant issues and that petitioner meets the net worth requirements.

A party, however, will not be treated as the prevailing party if the United States establishes that the position of the United States in the proceeding was substantially justified. See sec. 7430(c)(4)(B)(i). Respondent contends that petitioner is not the prevailing party because the position that respondent took regarding the disallowed expense deductions was substantially justified. We agree with respondent.

The United States' position is substantially justified if it is "justified to a degree that could satisfy a reasonable person" and has a "reasonable basis in both law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (interpreting similar language in the Equal Access to Justice Act, 28 U.S.C. sec 2412 (1988)); see also Maggie Management Co. v. Commissioner, 108 T.C.

430, 443 (1997). A position has a reasonable basis in fact if there is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Pierce v. Underwood, supra at 564-565. The reasonableness of respondent's position and conduct necessarily requires considering what respondent knew at the time. Cf. Rutana v. Commissioner, 88 T.C. 1329, 1334 (1987); DeVenney v. Commissioner, 85 T.C. 927, 930 (1985). Thus, in determining whether respondent acted reasonably, this Court must "consider the basis for respondent's legal position and the manner in which the position was maintained." Wasie v. Commissioner, 86 T.C. 962, 969 (1986).

The fact that the Commissioner eventually loses or concedes the case is not determinative as to whether the taxpayer is entitled to an award of administrative or litigation costs. See Sokol v. Commissioner, 92 T.C. 760, 767 (1989); Wasie v. Commissioner, supra at 968-969. It remains, however, a relevant factor to consider in determining the degree of the Commissioner's justification. See Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Powers v. Commissioner, 100 T.C. 457, 470, 472 (1993), affd. in part and revd. in part 43 F.3d 172 (5th Cir. 1995).

In some cases courts have adopted an issue-by-issue approach to section 7430, apportioning the requested awards between those issues for which the respondent was, and those issues for which

respondent was not, substantially justified. See <u>Powers v. Commissioner</u>, 51 F.3d 34, 35 (5th Cir. 1995); <u>Swanson v. Commissioner</u>, 106 T.C. 76, 102 (1996). In the instant case, both parties make their respective arguments for all the adjustments in the notice of deficiency collectively. Thus, we do not determine whether to apportion the awards, if any, between those adjustments for which respondent was, or was not, substantially justified.

In deciding this issue, we must identify the point in time at which the United States is first considered to have taken its position, and then decide whether the position from that point forward was substantially justified. The "substantially justified" standard is applied as of the separate dates that respondent took a position in the administrative proceedings as distinguished from the proceedings in this Court. See sec. 7430(c)(7)(A) and (B).

The administrative position of respondent means the position taken in the administrative proceedings as of the earlier of the date of receipt of the appeals decision by the taxpayer or the date of the notice of deficiency. See sec. 7430(c)(7)(B). In this case, respondent took a position in the administrative proceeding as of April 30, 1998, the date the notice of deficiency was issued. See sec. 7430(c)(7)(B)(ii).

The position taken by the United States, for purposes of

litigation costs, refers to the position of the United States in a judicial proceeding. See sec. 7430(c)(7)(A). Respondent's position in the proceeding before this Court was established on September 28, 1998, the date respondent filed his answer. See Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-144.

Although ordinarily the reasonableness of each of those positions is considered separately to allow respondent to change his position, Huffman v. Commissioner, supra at 1144-1147, it appears in this case that respondent took the same position in both the notice of deficiency and the answer. More specifically, respondent's position was that petitioner failed to substantiate the deductions for cash payments that it claimed on its returns.

Petitioner contends that it provided the required substantiation at the administrative review in May 1997, that the case should have concluded at that point, and that the "Notice of Deficiency constituted nothing but harassment".

The record does not support petitioner's contention. At respondent's request in June 1999, petitioner promised to provide worksheets reconciling the Forms 1099 to the corporate records; however, petitioner required 2 months to prepare the worksheets. Therefore, it is apparent that the worksheets did not exist at the time of the May 1997 conference, and that petitioner did not provide respondent information sufficient to substantiate its

claimed deductions before August 1999.

On this record, we conclude that respondent's position was substantially justified. In the notice of deficiency, respondent premised the adjustments primarily on petitioner's failure to substantiate items on its returns. Taxpayers do not have an inherent right to take tax deductions. Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving entitlement to any deduction claimed. See Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This includes the burden of substantiating the amount and purpose of the item claimed. See sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs. We find that "It was reasonable for respondent not to concede the adjustments until * * * [he] had received and verified adequate substantiation for the items in question." Simpson Fin. Servs., Inc. v. Commissioner, T.C. Memo. 1996-317 (citing Harrison v. Commissioner, 854 F.2d 263, 265 (7th Cir. 1988), affg. T.C. Memo. 1987-52; Sokol v. Commissioner, supra at 765).

Petitioner argues that the Commissioner mishandled this case, and that if it had been administered properly, petitioner would have incurred much less expense. Petitioner states that the Appeals officer raised issues that were not in the revenue agent's examination report, and that it was denied the

opportunity to respond to these issues before respondent issued the notice of deficiency.

Petitioner also stated that when it was informed by respondent that a notice of deficiency would be issued if petitioner did not agree to an extension of the statutory period for assessment, that it welcomed the notice as an opportunity to resolve the issues. This statement is contrary to petitioner's statement that the notice of deficiency was issued to harass petitioner.

We are not persuaded by petitioner's arguments. We find nothing in our review of the record to support petitioner's claims of overreaching or abusive tactics by respondent's agents. Rather, we find that respondent promptly conceded that petitioner's deductions were allowable once petitioner provided the information necessary to substantiate the disputed items. Although petitioner attempts in its motion to articulate the overreaching of respondent's agents, such statements are not proof. See Rule 143(b); see also Niedringhaus v. Commissioner, 99 T.C. 202, 214 n.7 (1992); Viehweg v. Commissioner, 90 T.C. 1248, 1255 (1988).

We hold that respondent's positions had a reasonable basis in law and fact. Accordingly, petitioner is not entitled to administrative and litigation costs under section 7430.

To reflect the foregoing,

<u>An appropriate order will be issued denying petitioner's motion for an award of administrative and litigation costs, and a decision will be entered</u>.