Arthur J. BOUCHARD and Irene S. Bouchard, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 11487.

United States Court of Appeals Seventh Circuit.

Feb. 6, 1956.

Martin J. Torphy, Milwaukee, Wis., for petitioner.

H. Brian Holland, Asst. Atty. Gen., Grant W. Wiprud, Ellis N. Slack, Charles B. Freeman, Attorneys, Department of Justice, Washington, D. C., for respondent.

Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

This is a petition for review of a decision of the Tax Court of the United States. The Commissioner of Internal Revenue made an additional assessment against petitioners for the calendar years of 1948 and 1949 in the total amounts of $1,720.68 and $134.28 in penalties. The court decided that certain moneys were paid by Juneau Stamping and Manufacturing Company [1] to petitioner, Arthur J. Bouchard,[2] and received by him for services rendered, and are, therefore, taxable as ordinary income.

Taxpayers are husband and wife, who did not file an income tax return for 1948 but filed a joint return for 1949.

In 1947, Bouchard entered into an agreement with Carl F. Hofmeier, president of Juneau, through which both parties anticipated a profit. The arrangement was not evidenced in writing. It was agreed, however, between Bouchard and Mr. Hofmeier, who was acting as agent for Juneau, that Bouchard would seek to develop for profit his ideas relative to perfecting a dishwasher, a combination ashtray and glassholder, a heater cover for army tanks, and other articles, as well as to use his efforts to acquire steel for Juneau and promote sales of items which Juneau could manufacture. In return, Bouchard was to be advanced money for his living and traveling expenses.

Pursuant to the arrangement, Juneau paid Bouchard $5,610 in 1948 and $2,800 in 1949. Bouchard has not repaid any of the amounts advanced and did not include the amounts paid in his income for the years involved.

Petitioners in this court contend that this is not a question "of salary, wages or other compensation paid to the taxpayer, Bouchard, but is a case of open account indebtedness, * * * and the legal obligation * * * to repay said indebtedness." They intimate that, in the alternative, there might have been a gift.

From the evidence adduced, the Tax Court determined, as a matter of fact, that Bouchard received payments from Juneau because he was or appeared to be performing services as a result of which Juneau hoped to derive a profit; that there was no understanding that the money would be repaid, except to the extent Juneau was reimbursed out of profits; that, while it appears that Mr. Hofmeier, president of Juneau, was anxious to aid Bouchard and his family, who were without money, there is nothing in the record to indicate that the payments were gifts rather than compensation for services; and that there is no indication that Bouchard was restricted in his use of the money received. The court thereupon concluded that the payments were received for services rendered and are, therefore, taxable as ordinary income.

1. Under the Federal Rules of Civil Procedure, rule 52(a),[3] these findings of

---

1. Hereinafter referred to as "Juneau".

2. Hereinafter referred to as "Bouchard".

3. 28 U.S.C.A., Rule 52(a). "* * * Findings of fact shall not be set aside unless clearly erroneous, and due regard

the Tax Court, made after that court had heard the evidence of both parties, must stand unless it is shown that they are clearly erroneous. There was substantial evidence to support the findings and we cannot say that they are erroneous.

Under the provisions of § 22 of the Internal Revenue Code of 1939,[4] the conclusion of the Tax Court that the payments in question were received for services by Bouchard and are taxable as ordinary income, is correct.

The decision of the Tax Court is

Affirmed.

shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. * * *"

4.  26 U.S.C. 1952 ed., Sec. 22 "Gross income—(a) *General definition.* 'Gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *"