T.C. Memo. 2002-247

UNITED STATES TAX COURT

ANTONIO ROSARIO AND JOYCE ROSARIO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1378-00.            Filed September 26, 2002.

<u>Robert J. Fedor</u>, for petitioners.

<u>Katherine Lee Kosar</u>, for respondent.


MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on
petitioners' motion for award of administrative and litigation
costs pursuant to section 7430 and Rule 231.[1]  Neither party

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.  All references to sec. 7430 are to that section as in
(continued...)

requested a hearing, and we see no reason for a hearing on this matter. Rule 232(a)(2). Accordingly, we rule on petitioners' motion on the basis of the parties' submissions and the existing record. Rule 232(a)(1). We incorporate by reference portions of Rosario v. Commissioner, T.C. Memo. 2002-70 (Rosario I), our opinion on the merits in the instant case, that are relevant to our disposition of this motion.

After concessions,[2] the issue for decision is whether petitioners are the "prevailing party" in the underlying tax case.

Background

Antonio Rosario (petitioner), an orthopedic surgeon, executed a Professional Practice Agreement (the practice agreement) with the Jesse Holman Jones Hospital (the hospital) which provided that petitioner would receive funds from the hospital to ensure a monthly income of $33,334 (guarantee payment). During 1993, pursuant to the practice agreement, petitioner received $242,556 in guarantee payments from the hospital. In Rosario I, the issue was whether the $242,556

---

[1](...continued)
effect at the time the petition was filed.

[2] In respondent's response to petitioners' motion for administrative and litigation costs, respondent concedes that: (1) Petitioners meet the net worth requirements as provided by law; (2) petitioners have exhausted the administrative remedies available within the Internal Revenue Service; and (3) petitioners have not unreasonably protracted the litigation.

petitioner received from the hospital in 1993 was taxable income to him in 1993. We held that the guarantee payments petitioner received were not includable in his income in 1993 because those payments were a loan.

Discussion

Section 7430 provides for the award of administrative and litigation costs to a taxpayer in an administrative or court proceeding brought against the United States involving the determination of any tax, interest, or penalty pursuant to the Internal Revenue Code. An award of administrative or litigation costs may be made where the taxpayer (1) is the "prevailing party", (2) exhausted available administrative remedies,[3] (3) did not unreasonably protract the administrative or judicial proceeding, and (4) claimed reasonable administrative and litigation costs. Sec. 7430(a), (b)(1), (3), and (c). These requirements are conjunctive, and failure to satisfy any one will preclude an award of costs to petitioners. Minahan v. Commissioner, 88 T.C. 492, 497 (1987).

To be a "prevailing party" (1) the taxpayer must substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues presented, and (2) at the time the petition in the case is filed,

_____

[3] This requirement applies only to litigation costs. Sec. 7430(b)(1).

the taxpayer must meet the net worth requirements of 28 U.S.C. sec. 2412(d)(2)(B) (2000).  Sec. 7430(c)(4)(A).  A taxpayer, however, will not be treated as the prevailing party if the Commissioner establishes that the Commissioner's position was substantially justified.  Sec. 7430(c)(4)(B).  For purposes of the administrative proceedings, respondent's position is that which was articulated in the notice of deficiency.  Sec. 7430(c)(7)(B); Huffman v. Commissioner, 978 F.2d 1139, 1143-1147 (9th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-144; Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 442 (1997). For purposes of the court proceedings, respondent's position is that which was set forth in the answer.  Sec. 7430(c)(7)(A); Huffman v. Commissioner, supra at 1147-1148; Maggie Mgmt. Co. v. Commissioner, supra at 442.

The substantially justified standard is "essentially a continuation of the prior law's reasonableness standard." Swanson v. Commissioner, 106 T.C. 76, 86 (1996).  A position is substantially justified if it is justified to a degree that could satisfy a reasonable person and has a reasonable basis in both fact and law.  Pierce v. Underwood, 487 U.S. 552, 565 (1988);[4]

---

[4] Although the dispute in Pierce v. Underwood, 487 U.S. 552 (1988), arose under the provisions of the Equal Access to Justice Act (EAJA), 28 U.S.C. sec. 2412(d) (1994), the relevant provisions of the EAJA are almost identical to the language of sec. 7430.  Cozean v. Commissioner, 109 T.C. 227, 232 n.9 (1997). We, therefore, consider the holding in Pierce v. Underwood,

(continued...)

Huffman v. Commissioner, supra at 1147; Swanson v. Commissioner, supra at 86. A position that merely has enough merit to avoid sanctions for frivolousness will not satisfy this standard. Pierce v. Underwood, supra at 566.

The determination of reasonableness is based on all of the facts and circumstances surrounding the proceeding and the legal precedents relating to the case. Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 694-695 (1990). A position has a reasonable basis in fact if there is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Pierce v. Underwood, supra at 565. A position is substantially justified in law if legal precedent substantially supports the Commissioner's position given the facts available to the Commissioner. Coastal Petroleum Refiners, Inc. v. Commissioner, supra at 688. Determining the reasonableness of the Commissioner's position and conduct requires considering what the Commissioner knew at the time. Rutana v. Commissioner, 88 T.C. 1329, 1334 (1987); DeVenney v. Commissioner, 85 T.C. 927, 930 (1985).

The fact that the Commissioner loses on the merits or concedes the case does not establish that a position was not substantially justified; however, it is a factor to be

_____

[4](...continued)
supra, to be applicable to the case before us. Cozean v. Commissioner, supra.

considered.  Powers v. Commissioner, 100 T.C. 457, 471 (1993), affd. in part and revd. in part 43 F.3d 172 (5th Cir. 1995).

Respondent contends that petitioners are not the prevailing party because his position is substantially justified in that he had a reasonable basis in both fact and law.[5]  Petitioners argue that they substantially prevailed with respect to the amount in controversy, as well as with regard to the most significant issue, whether moneys petitioners received constituted additional income or qualified as loan proceeds.

In Rosario I, we were required to examine and interpret the practice agreement in order to resolve the issue.  We did not have any testimonial evidence to aid in interpreting the practice agreement because the parties submitted the case fully stipulated.  Although we ultimately held for petitioners, our holding was not easily reached.

The relevant language in the practice agreement regarding the guarantee payments was not clear.  The agreement provided, in part:

> To the extent that Physician's gross income in any month during the term of this Agreement is less than $33,334.00, the Hospital will pay Physician by the tenth day of the closing of the Physician's books for that month any amount sufficient to raise Physician's income for that month to $33,334.00 (such payment by

---

[5]  Respondent alternatively argues that the amounts of costs claimed by petitioners are unreasonable.  Because we find that respondent's position was substantially justified, we need not reach respondent's alternative argument.

> Hospital, will be referred to as a "Gross Guarantee
> Payment"). If, during any month of the term of this
> Agreement, Physician's income is greater than
> $33,334.00, Physician will pay to Hospital by the tenth
> day after the closing of Physician's books for the
> month, the excess over $33,334.00, to the extent
> necessary to reimburse hospital for Gross Guarantee
> Payments previously paid. Such payments by Physician
> will be made to the Hospital during the term of this
> Agreement until the total amount of Gross Guarantee
> Payments made by Hospital have been repaid in full.

The main ambiguity in the practice agreement was that the above language could have been construed to favor respondent's view that petitioner would have to repay the hospital only to the extent his monthly income were over $33,334; therefore, the guarantee payments would not be characterized as a loan because there would not be an unconditional obligation for petitioner to pay them back. United States v. Henderson, 375 F.2d 36, 39 (5th Cir.1967); Bouchard v. Commissioner, 229 F.2d 703 (7th Cir. 1956), affg. T.C. Memo. 1954-243; Haag v. Commissioner, 88 T.C. 604, 615-616 (1987), affd. without published opinion 855 F.2d 855 (8th Cir. 1988). The above language also could have been construed to favor petitioner's view that it required petitioner to pay back the guarantee payments in all events, which would support characterizing the payments as a loan.

On January 1, 1994, petitioner and the hospital signed an amended practice agreement that provided:

> Hospital intended that Physician, upon expiration of
> the Income Guarantee, be required to repay that portion
> of the Income Guarantee not repaid pursuant to the

> Guarantee Payback, regardless of the level of
> Physician's gross income, * * * .

It was not clear whether the amended practice agreement, which was not signed until after the year in issue, changed, or instead merely clarified, the parties' intentions in the practice agreement.  To resolve the ambiguity, we examined all stipulated documents and concluded that the evidence weighed in favor of treating the guarantee payments as a loan.  Although we did not agree with respondent's interpretation in the final analysis, we believe that respondent's position had a reasonable basis in law and in fact given the ambiguity of the language in the practice agreement.

Accordingly, we hold that petitioners are not entitled to an award of administrative or litigation costs.

To reflect the foregoing,

<u>An appropriate order will
be issued and a decision will
be entered for petitioners</u>.