T.C. Memo. 2005-54


UNITED STATES TAX COURT


CASPIAN CONSULTING GROUP, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18124-03.                    Filed March 23, 2005.


<u>William E. Taggart, Jr.</u>, for petitioner.

<u>Patricia Montero</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


VASQUEZ, <u>Judge</u>:  Respondent determined the following deficiencies in and accuracy-related penalty on petitioner's Federal income taxes:

|  |  | Penalty |
| Year | Deficiency | Sec. 6662(a) |
| 1999 | $2,133 | -- |
| 2000 | 43,698 | $8,740 |

After concessions,[1] we must decide whether petitioner is liable for the accuracy-related penalty pursuant to section 6662(a)[2] for 2000.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner's principal place of business was in San Francisco, California.

Petitioner hired Cameron & Rolling, an accounting firm, to prepare its 2000 Federal income tax return. Petitioner's business grew rapidly in 2000, and Cameron & Rolling required a substantial amount of time to review petitioner's financial records. Cameron & Rolling examined petitioner's financial records to "[clean] up the books" and ensure compliance with GAAP and to prepare the records to file an accurate Federal income tax return. A Cameron & Rolling accountant spoke with petitioner's owners about "the usage of the plane to determine if we could fully depreciate it and deduct the expenses associated with the plane."

---

[1] Petitioner conceded the deficiencies for 1999 and 2000.

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code.

On its 2000 Federal income tax return, petitioner deducted the following amounts for the acquisition and operation of an airplane: Operating expenses of $23,033, interest expenses of $29,742, and depreciation of $128,289. Respondent disallowed these deductions and determined that petitioner was liable for an income tax deficiency of $43,698 and an accuracy-related penalty of $8,740 for 2000.

## OPINION

Pursuant to section 6662(a), a taxpayer may be liable for a penalty of 20 percent on the portion of an underpayment of tax (1) due to negligence or disregard of rules or regulations or (2) attributable to a substantial understatement of tax. Sec. 6662(b). Whether applied because of a substantial understatement of tax or negligence or disregard of rules or regulations, the accuracy-related penalty is not imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). The decision as to whether the taxpayer acted with reasonable cause and in good faith depends upon all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Relevant factors include the taxpayer's efforts to assess his proper tax liability, including the taxpayer's reasonable and good faith reliance on the advice of a professional such as an accountant. See id.

It is clear from the record that petitioner provided Cameron & Rolling all records and information necessary to prepare the 2000 Federal income tax return and claim the deductions set forth on the return. A Cameron & Rolling accountant conversed with petitioner's owners to determine that the depreciation and expenses related to the airplane could be deducted. Petitioner relied upon Cameron & Rolling to prepare the return, and Cameron & Rolling was aware of petitioner's reliance. It is clear from the record that petitioner reasonably relied in good faith on Cameron & Rolling. Consequently, we conclude that for the year in issue petitioner had reasonable cause and acted in good faith as to any underpayment resulting from the deductions in issue. Accordingly, we hold that petitioner is not liable for the penalty pursuant to section 6662(a).

To reflect the foregoing,

Decision will be entered for petitioner as to the 2000 penalty and for respondent as to the deficiencies.