T.C. Memo. 2006-85

UNITED STATES TAX COURT

CASPIAN CONSULTING GROUP, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18124-03.                    Filed April 25, 2006.

<u>William E. Taggart, Jr.</u>, for petitioner.

<u>Patricia Montero</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on
petitioner's motion for award of litigation costs and related
costs pursuant to section 7430 and Rule 231.[1]  We see no reason

_____

[1]  All references to sec. 7430 are to that section of the
Internal Revenue Code as in effect at the time the petition was
filed, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

for an evidentiary hearing on this matter.  See Rule 232(a)(2).

Accordingly, we rule on petitioner's motion on the basis of the

parties' submissions and the existing record.  See Rule

232(a)(1).  The portions of our opinion on the merits in the

instant case, Caspian Consulting Group, Inc. v. Commissioner,

T.C. Memo. 2005-54 (Caspian I), that are relevant to our

disposition of this motion are incorporated herein by this

reference.

After concessions,[2] the issues for decision are whether

petitioner unreasonably protracted the proceedings and whether

the costs claimed are reasonable.

## Background

Respondent issued a notice of deficiency to petitioner on

July 24, 2003, determining the following deficiencies in and

accuracy-related penalty on petitioner's Federal income taxes:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|------------|----------------------|
| 1999 | $2,133     | –                    |
| 2000 | 43,698     | $8,740               |

On October 22, 2003, petitioner timely petitioned this Court

conceding the deficiencies for both years and asking the Court to

redetermine only the accuracy-related penalty for the year 2000.

---

[2] Respondent concedes that petitioner is the prevailing party due to the qualified settlement offer, meets the net worth requirements, and exhausted petitioner's administrative remedies.

Therefore, the only issue for decision was whether petitioner was liable for the penalty pursuant to section 6662(a).

In a letter dated October 18, 2003, petitioner made a qualified offer of settlement pursuant to section 7430(c)(4) and (g). In this offer, petitioner conceded the deficiencies for tax years 1999 and 2000 and stated that no penalties shall be imposed. Respondent did not accept this qualified offer.

On March 23, 2005, this Court filed an opinion finding that petitioner had reasonable cause and acted in good faith as to any underpayment and was therefore not liable for the accuracy-related penalty.

On April 27, 2005, petitioner filed a motion for award of litigation costs and related costs. Petitioner seeks to recover costs incurred subsequent to the date petitioner made its qualified offer of settlement and prior to the date this Court filed its opinion in this case. Petitioner further seeks costs in connection with the preparation of the motion for award of litigation costs and related costs. Moreover, petitioner seeks costs in connection with the preparation of petitioner's reply to respondent's opposition to petitioner's motion for award of litigation costs and related costs.

## Discussion

Section 7430 provides for the award of litigation costs to a taxpayer in a court proceeding brought against the United States

involving the determination of any tax, interest, or penalty pursuant to the Internal Revenue Code.  An award of litigation costs may be made where the taxpayer (1) is the "prevailing party", (2) exhausted available administrative remedies, (3) did not unreasonably protract the judicial proceeding, and (4) claimed reasonable litigation costs.  Sec. 7430(a), (b)(1), (3), and (c).  These requirements are conjunctive, and failure to satisfy any one will preclude an award of costs to petitioner. See Minahan v. Commissioner, 88 T.C. 492, 497 (1987).

Respondent contends that petitioner unreasonably protracted the proceedings and that the costs claimed are not reasonable.

## I.  Unreasonably Protracting the Proceedings

Pursuant to section 7430(b)(3), "No award for reasonable * * * costs may be made * * * with respect to any portion of the * * * court proceeding during which the prevailing party has unreasonably protracted such proceeding."

Respondent argues that petitioner unreasonably protracted the proceedings by failing to fully participate in the Appeals conference and provide evidence until the time of trial. Petitioner contends that all the documents introduced in the trial of this case were made available to respondent before the issuance of the notice of deficiency.

Petitioner's attorney did participate and meet with Appeals. Moreover, there is no evidence that petitioner protracted the

proceedings. Given the facts of this case, we find petitioner did not unreasonably protract these proceedings within the meaning of section 7430(b)(3).

## II. Reasonableness of Litigation Costs

Section 7430 limits the prevailing party to an award of reasonable litigation costs.[3] Section 7430(c)(1)(B)(iii) generally limits the hourly rate for attorney's fees.[4] A taxpayer may recover attorney's fees above the statutory limit if the court determines the existence of a special factor such as: (1) Limited availability of qualified attorneys for the proceeding; (2) the difficulty of the issues presented in the case; or (3) the local availability of tax expertise. Sec. 7430(c)(1)(B)(iii).

Petitioner seeks to recover attorney's fees in excess of the statutory limit based on two reasons. First, petitioner argues that its counsel's "knowledge of substantive and procedural federal income tax law, and his experience in litigation of tax controversies, is far more extensive than the knowledge and experience of a tax attorney who is merely well-qualified to

---

[3] Reasonable litigation costs include, inter alia, reasonable court costs and fees paid or incurred for the services of attorneys in connection with a court proceeding (attorney's fees). Sec. 7430(c)(1).

[4] Rev. Proc. 2002-70, sec. 3.32, 2002-2 C.B. 845, 850; Rev. Proc. 2003-85, sec. 3.33, 2003-2 C.B. 1184, 1190; and Rev. Proc. 2004-71, sec. 3.35, 2004-2 C.B. 970, 976, state that the hourly rate for attorney's fees during 2003-2005 is $150.

practice before the Tax Court."  Second, petitioner argues that the experience of its counsel, "and his detailed familiarity with a number of provisions of the Internal Revenue Code, enables him to handle litigation before the Tax Court with a far greater efficiency based on time expended than all but a handful of tax attorneys."

Respondent contends that petitioner is not entitled to an enhanced fee beyond the statutory rate because the factual nature of the issue in Caspian I does not justify the enhanced rate.  We agree with respondent.

General expertise in tax law in itself is not a special factor warranting a fee award in excess of the statutory rate under section 7430.  Huffman v. Commissioner, 978 F.2d 1139, 1150 (9th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-144; Powers v. Commissioner, 100 T.C. 457, 489 (1993), affd. in part, revd. in part and remanded on another issue 43 F.3d 172 (5th Cir. 1995).  Depending on the facts and circumstances of the case, however, we may find that a tax attorney had a special skill and expertise needful for the litigation in question. Powers v. Commissioner, supra.

Although the issues presented in Caspian I may have required petitioner to secure the services of a competent tax attorney, this finding, standing alone, does not demonstrate the presence of a special factor which would justify an increased award under

section 7430. See <u>Powers v. Commissioner</u>, 43 F.3d 172, 183 (5th Cir. 1995), affg. in part and revg. in part on another ground T.C. Memo. 1993-125; <u>Cozean v. Commissioner</u>, 109 T.C. 227 (1997). Petitioner has failed to establish that its attorney possessed any nonlegal or technical abilities apart from his expertise in tax law. See <u>Powers v. Commissioner</u>, 43 F.3d at 183; <u>Cozean v. Commissioner</u>, <u>supra</u>. Petitioner, therefore, has failed to establish that a special factor existed which justifies an award in excess of the maximum rate provided in section 7430(c)(1)(B)(iii).

III. <u>Conclusion</u>

To summarize, we award petitioner litigation costs to the extent described herein. Based on the schedules submitted by petitioner attached to the affidavits of William E. Taggart, Jr. and using our best judgment, petitioner is entitled to attorney's fees for 79.05 hours at a rate of $150 per hour, totaling $11,857.50. See Rule 232(d). Additionally, petitioner is entitled to the $196.95 of expenses it paid for costs and $730 in clerk fees.

Moreover, petitioner is entitled to attorney's fees for 10 hours in connection with the preparation of the motion for award of litigation costs and related costs in the amount of $1,500 and for 8 hours in connection with the preparation of petitioner's

reply to respondent's opposition to petitioner's motion for award of litigation costs and related costs in the amount of $1,200.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.